Catheryn **EUBANKS**, Plaintiff,

v.

**HARVARD INDUSTRIES, INC.**, Defendant.

No. J–C–88–51.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Feb. 14, 1989.

Larry J. Steele, Walnut Ridge, Ark., for plaintiff.

John Burris, Burris & Berry, Pocahontas, Ark., and William L. Sossaman, Allen & Scruggs, Memphis, Tenn., for defendant.

## ORDER

ROY, District Judge.

Before the Court is the defendant's Motion for Summary Judgment. The plaintiff has responded, and the matter is now ripe.

---

On February 16, 1988 the plaintiff filed her complaint, alleging that she was employed by defendant for over twelve years when on or about January 16, 1987 she was fired by the defendant "upon the alleged basis that she was laid off due to the economy." Plaintiff contends that her rights under Title VII of the Civil Rights Act of 1964 and 28 U.S.C.A. § 623[1] were violated in that she was "discriminated against and fired because of her age and was replaced by an untrained individual who was substantially younger than plaintiff." Plaintiff seeks actual damages, reinstatement, liquidated damages, and attorney's fees.

The defendant has raised several grounds in support of its motion, with extensive supporting affidavits and documents. The defendant relied heavily upon plaintiff's own deposition in support of its motion. For the following reasons, the Court finds the motion should be granted. A brief recitation of the relevant facts is necessary.

Plaintiff became employed by defendant Harvard Industries on or about April 15, 1985, when Harvard purchased from Amerace Corporation the facility in Pocahontas, Arkansas, where plaintiff had been employed for approximately twelve years. Within the first several weeks that it owned the facility, Harvard laid off a number of employees, including plaintiff. At that time plaintiff was working as a general inspector in the Inspection Department. Plaintiff was among the group of employees who were indefinitely laid off.

Plaintiff was first offered recall on July 23, 1985, but turned it down because the position was in a department that was too hot. She was next offered recall on September 9, 1985 to a position as assembly operator in the Assembly Department.[2] She accepted this position and worked in it as a part-time employee until May 8, 1986, when she took a medical leave of absence until November 10, 1986. When she was released by her doctor, plaintiff was returned to her position as a part-time assembly operator.

On January 16, 1987, after plant superintendent James Carter was ordered to reduce the size of the Pocahontas workforce, plaintiff was told she was laid off, and that she would be recalled when work picked up. After four months, it became obvious to defendant that there was no reasonable expectation of recalling many of the laid off employees within the foreseeable future. Defendant contends that on May 6, 1987, plaintiff and every other employee still on layoff were sent a letter informing them that they were terminated, and that they must contact the Company if they wanted to be considered for future employment. Plaintiff denies ever receiving the letter of termination.

On or about September 10, 1987 plaintiff filed a charge with the Little Rock Area Office of the United States Equal Employment Opportunity Commission (hereafter "EEOC"). The charge alleged that defendant had discriminated against her on the basis of her age (55) by laying her off on January 16, 1987 and subsequently replacing her with an unidentified younger person (age 22). It further states in the EEOC charge that plaintiff learned on June 22, 1987 that her position had been filled by a younger person.

When questioned about her EEOC charge in deposition, plaintiff stated that she was only complaining about the layoff in January 1987 and not any subsequent event.

Plaintiff's only explanation as to why she waited so long to file her EEOC charge was that she did not know that two younger women (Virginia Cox, age 28, and Lou Romine, thirties) were not laid off until a chance conversation with someone at the

---

**1.** Plaintiff conceded that 28 U.S.C. § 623 was cited rather than 29 U.S.C. § 621 due to a typographical error.

**2.** In her deposition, plaintiff stated that when she was recalled in September of 1985, she discovered that Becky Owens and another young lady had been hired to work as inspectors. However, plaintiff further stated that neither of these women were the subject of the EEOC charge. Any allegations concerning 1985 in either the charge or the complaint would be untimely by several years.

grocery store on June 22, 1987. Plaintiff then waited almost another three months before contacting her attorney or taking any other action.

Plaintiff has admitted that she was not discriminated against on the basis of her race, color, religion, sex, or national origin. Instead, she claims only to have been discriminated against on the basis of her age because she couldn't think of any other reason. The legal basis for a lawsuit alleging age based discrimination in private employment in Arkansas is the Age Discrimination in Employment Act (hereafter "ADEA"). The Court will give the plaintiff the benefit of the doubt and construe plaintiff's complaint to allege a violation of the ADEA.[3]

The crux of plaintiff's complaint and EEOC charge is the January 16, 1987 layoff. The EEOC charge was not filed until September 10, 1987, more than 180 days after the alleged discriminatory event. 29 U.S.C. § 626(d)(1). Although the filing period may be tolled for sufficient legal justification, the courts are reluctant to do so, and the plaintiff bears the burden of proving facts which would justify tolling. *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506 (8th Cir.1979); *Nielsen v. Western Elec. Co.*, 603 F.2d 741 (8th Cir.1979); *Quina v. Owens–Corning Fiberglas Corp.*, 575 F.2d 1115 (5th Cir.1978). The plaintiff has presented no facts whatsoever to justify tolling.

In support of her position that her charge was timely, plaintiff merely states that she did not learn until June 22, 1987 that younger women had not been laid off at the time of her lay-off. She cites *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir.1975) for the proposition that the discriminatory act does not occur until a plaintiff learns of it. As stated by the defendant in the case *sub judice*, the court in *Reeb* held that Title VII's charge filing period was a statute of limitations and remanded the case for consideration of whether there was an equitable basis for tolling, since there was

evidence that the defendant employer had intentionally misled the plaintiff and actively attempted to conceal the facts from her. Even in *Reeb* the Court held that the time period did not begin to run until the facts that would support a charge of discrimination under Title VII *"were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff."* (emphasis added.) *Id.* at 930. *See also, Moore v. Lion Oil Co.*, 652 F.2d 746 (8th Cir.1981).

At no time does the plaintiff allege that defendant did anything to mislead her about, or conceal from her, the identities of any other persons laid off or retained. A reasonably prudent person should have taken some action to determine who else was or was not laid off, rather than wait over five months for a chance meeting at a grocery store. Furthermore, a reasonably prudent person would not have waited an additional 78 days before taking any action. As urged by defendant, plaintiff slept on her rights, and, in the absence of any allegations of misconduct by Harvard to mislead her, she cannot now be heard to say that the statute of limitations should not be applied to her claim.

As stated in *Merrill v. Southern Methodist University*, 806 F.2d 600 (5th Cir. 1986), to allow the statute of limitations to begin to run when a plaintiff becomes aware of sufficient facts to make her realize a defendant's actions were motivated by age discrimination would defeat the Congressional purpose behind the statute of limitations. It could be years before a person realizes that an unpleasant event may have been caused by illegal discrimination. Furthermore, the fact that defendant told plaintiff she would be recalled when work picked up does not help the plaintiff in this case. It has been held that equitable tolling is not justified due to the erroneous belief that the employer would eventually find a position for a laid-off employee, where the employer in no way misled the employee or misrepresented the

---

**3.** As stated by defendant, Title VII does not cover age discrimination. *Kremer v. Chemical*

*Construction Corp.*, 456 U.S. 461, 465, n. 4, 102 S.Ct. 1883, 1889, n. 4, 72 L.Ed.2d 262 (1982).

prospects for future employment. *Lawson v. Burlington Industries, Inc.*, 683 F.2d 862 (4th Cir.1982), *cert. denied*, 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982). *See also, Price v. Litton Business Systems*, 694 F.2d 963 (4th Cir.1982). (An employee's hope for rehire, transfer, promotion, or a continuing employment relationship ... cannot toll the statute absent some employer conduct likely to mislead an employee into sleeping on his rights").

The Eighth Circuit has recently held that the attempts of a supervisor to locate a new position for a plaintiff within the defendant company did not, without more, establish the requisite conditions for equitable tolling. *Wilson v. Westinghouse Electric Corp.*, 838 F.2d 286 (8th Cir.1988).

> In order to justify tolling the statute, Wilson must show either "... a deliberate design by the employer or ... actions that the employer should unmistakably have understood would cause the employee to delay filing his charge."

*Id.*

Had the plaintiff alleged discrimination in her termination of May 1987 in her complaint and EEOC charge, or had the plaintiff filed her EEOC charge immediately after June 22, 1987, the result might be different, at least with respect to the timeliness argument. However, it is uncontested that plaintiff's layoff on January 16, 1987 is the only act of discrimination alleged in any charge ever filed with the EEOC. Therefore, any event occurring subsequent to that date, not being the subject of an EEOC charge cannot be used as the basis of a suit. Illegal layoff—the charge which appeared in the EEOC charge—does not encompass an allegation of illegal failure to rehire. *Lawson v. Burlington Industries, Inc.*, supra.

> It is well established that a layoff from employment constitutes a completed act at the time it occurred, *Griffin v. Pacific Maritime Assoc.*, 478 F.2d 1118 (9th Cir.), *cert. denied*, 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973), and that an employer's failure to recall or rehire does not constitute a continuing violation of the ADEA. Each alleged discriminatory

recall constitutes a separate and completed act by the defendant, which triggers a new 180 day period. *Morris v. Frank Ix & Sons, Inc.*, 486 F.Supp. 728 (W.D.Va. 1980). As no EEOC charge relating to recall was filed within 180 days of October 1, 1979, the district court's determination that Lawson failed to file within the statutory time period was correct. *Id.*, 683 F.2d at 863–864.

Based upon the foregoing, plaintiff's layoff on January 16, 1987 is the only alleged act of discrimination for which she can maintain a suit in federal court. The EEOC charge concerning that act was not filed within the 180–day statutory period. 29 U.S.C. § 626(d)(1). Plaintiff has failed to present evidence to support equitable tolling of the statute of limitations. Summary judgment must therefore be granted and plaintiff's lawsuit dismissed.

ORDERED.