Alphonse BOGE, Jr., Appellant,

v.

RINGLAND–JOHNSON–CROWLEY COMPANY, Appellee.

No. 91–2791.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1992.
Decided Sept. 28, 1992.

John Cotter Barrett, Des Moines, Iowa, argued (Thomas M. Werner, on the brief), for appellant.

Thomas Michael Cunningham, West Des Moines, Iowa, argued (Leon R. Shearer, on the brief), for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,[*] Senior District Judge.

McMILLIAN, Circuit Judge.

Alphonse Boge, Jr. appeals from a final judgment entered in the United States District Court[1] for the Southern District of Iowa granting summary judgment in favor of Ringland–Johnson–Crowley Co. (RJC). *Boge v. Ringland–Johnson–Crowley Co.,* No. 4–89–cv–70052 (S.D. Iowa July 9, 1991) (judgment). The district court held that Boge had failed to exhaust his administrative remedies, *id.* (Mar. 4, 1991) (memorandum opinion and order), and that there were no equitable considerations that excused him from filing. *Id.* (July 9, 1991) (memorandum opinion). For reversal, Boge argues that the district court erred in holding that (1) RJC's violations were not continuing and therefore that he had not exhausted his administrative remedies and (2) equitable considerations did not excuse his failure to file. For the reasons discussed below, we affirm the judgment of the district court.

Boge is an unskilled laborer in his early 40's who worked, off and on, for RJC, a privately owned construction company in Iowa. Each time Boge was employed by RJC, he was hired out of his union hall. Boge was first hired by RJC on April 16, 1986, and was laid off on August 4, 1986, allegedly as part of a reduction in force due to lack of work.[2] Boge alleged that ten days later he noticed four new younger employees had been hired, while he was not called back to work. Boge filed a claim

---

[*] The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1.] The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

[2.] In the construction industry, it is common practice for unskilled workers to be hired and laid off depending upon the particular labor needs of specific projects.

with the Iowa Civil Rights Commission (ICRC) on August 20, 1986, alleging age discrimination (charge 1). The charge was cross-filed with the Equal Employment Opportunity Commission (EEOC), which deferred to the state agency.

Boge was rehired by RJC on October 6, 1986, but laid off again due to lack of work on November 7, 1986. On December 8, 1986, Boge filed a second charge with the ICRC alleging that he was terminated in retaliation for filing charge 1.[3] The ICRC fully investigated this charge and found it without merit. This second charge was administratively dismissed and is not part of this appeal.

Boge was then hired by another construction company, Weitz, for a period of seven months. He was then rehired by RJC on May 4, 1987, and laid off again on June 10, 1987. Boge never filed any charges relating to this layoff.

Boge was rehired by RJC again on August 19, 1987, and terminated on October 8, 1987. This termination was, according to RJC, because Boge violated company rules by going to lunch early. This time, unlike his previous layoffs, Boge's supervisor at RJC did not recommend him for rehire. Boge never filed any complaint with the ICRC concerning this termination. Boge did call the ICRC and write a letter informing the agency of his termination and requesting that the information be put in his file.

On February 1, 1989, Boge received a right to sue letter in charge 1, the August 1986 layoff. Proceeding *pro se*, Boge filed a complaint in district court alleging in part:

(6) Plaintiff Boge began employment with the Defendants on or about April 20th, 1986. Plaintiff was employed by Defendants in Des Moines, Iowa[,] on different job sites in the City from the time of his hiring through the date of his lay off on October 14, 1987.

. . . .

(8) The Plaintiff's lay off and never being called back to work since October 10, 1987[,] was the result in full, or in part, of the Plaintiff's age.

RJC moved for summary judgment claiming that Boge never filed a charge with the ICRC concerning his October 1987 termination and, therefore, he did not exhaust his administrative remedies. The district court ruled that the August 1986 (charge 1) and the October 1987 layoffs were not reasonably related in time or kind, construed charge 1 as relating only to the August 1986 layoff, and accordingly refused to include the October 1987 termination within the scope of the first charge. Slip op. at 3–4 (Mar. 4, 1991) (memorandum opinion). Therefore, Boge had failed to exhaust his administrative remedies with regard to the October 1987 termination. The district court also held that it did not have sufficient information to determine whether equitable considerations should excuse the exhaustion requirement and ordered a hearing to answer that question. *Id.* Following a hearing, the district court ruled that there were no equitable considerations that excused Boge from filing. Slip op. at 2 (July 9, 1991) (memorandum opinion). Summary judgment was therefore granted in favor of RJC and Boge now appeals.

We review a grant of summary judgment de novo. *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992). The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, —— ——, 110 S.Ct. 3177, 3186–87, 111 L.Ed.2d 695 (1990); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ Under both the Age Discrimination in Employment Act (ADEA) and the Iowa Civil Rights Act of 1965, a discrimination

---

3. Charge 1 was served on RJC on October 13, 1986, after Boge had been rehired.

charge must be timely filed with either the EEOC or the ICRC before the initiation of a civil action under those statutes. 29 U.S.C. § 626(d)(2); Iowa Code Ann. § 601A.15(12), .16(1)(a) (West 1988). There is no dispute that Boge did not file a charge with either the EEOC or the ICRC regarding his October 1987 termination. The issue before this court is whether his filing of a charge regarding his August 1986 layoff is sufficient to meet this requirement of exhaustion of administrative remedies regarding his October 1987 termination.

Boge argues that his filing of charge 1 satisfied the exhaustion requirement regarding the October 1987 termination because of the continuing nature of RJC's discrimination, that is, hiring and firing him repeatedly.

RJC argues that the October 1987 termination was a discrete event and not part of a continuing violation. RJC argues that the August 1986 layoff and October 1987 termination were not related—the August 1986 layoff was for lack of work and the October 1987 termination was for violation of work rules. For this reason, RJC argues that the October 1987 termination was not within the scope of the August 1986 charge.

Under federal law, in order for Boge to have exhausted his administrative remedies, "the allegations of the judicial complaint [must be] like or reasonably related to the administrative charges that were timely brought." *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir.1986) (citation omitted). Iowa applies the same standard. *Hulme v. Barrett*, 449 N.W.2d 629, 633 (Iowa 1989). The district court found that Boge had not met this standard and we agree with the district court's analysis:

> Boge cites no case holding that an administrative complaint of a discriminatory layoff can be deemed to encompass a subsequent claim involving a separate and much later termination. The first layoff and final termination, especially with the several rehires and layoffs occurring between the two, are not reasonably related in time or in kind. The only connection is the claim that each act was motivated by age discrimination, which is

not enough to find the required pattern or continuing violation that would expand the scope of the administrative complaint.

Slip op. at 3–4 (Mar. 4, 1991) (memorandum opinion and order) (citations omitted).

The district court holding is consistent with those from other courts. For example, Judge Elsijane Trimble Roy in a well-reasoned opinion in *Eubanks v. Harvard Indus., Inc.*, 712 F.Supp. 146 (E.D.Ark.) (*Eubanks*), aff'd without opinion, 889 F.2d 1092 (8th Cir.1989), explained:

> [A]ny event occurring subsequent to [the date when the administrative charge was filed], not being the subject of an EEOC charge cannot be used as the basis of a suit....
>
>> It is well established that a layoff from employment constitutes a completed act at the time it occurred, *Griffin v. Pacific Maritime Assoc.*, 478 F.2d 1118 (9th Cir.), *cert. denied*, 414 U.S. 859 [94 S.Ct. 69, 38 L.Ed.2d 109] (1973), and that an employer's failure to recall or rehire does not constitute a continuing violation of the ADEA. Each alleged discriminatory recall constitutes a separate and completed act by the defendant, which triggers a new 180 day period. *Morris v. Frank Ix & Sons, Inc.*, 486 F.Supp. 728 (W.D.Va. 1980).

*Eubanks*, 712 F.Supp. at 149, *quoting Lawson v. Burlington Indus., Inc.*, 683 F.2d 862, 863–64 (4th Cir.), *cert. denied*, 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).

## EQUITABLE RELIEF

Boge argues that the district court erred in concluding that there was no equitable reason to excuse his failure to amend his initial charge or to file a new charge for the October 1987 termination. Boge argues that he repeatedly contacted the ICRC about his layoffs, including the October 1987 termination, and asked that the information regarding the October 1987 termination be placed in his file.

RJC argues that Boge never indicated to the ICRC that he suspected that the October 1987 termination was discriminatory and never asked that a complaint be filed.

We agree with the district court that Boge is not entitled to equitable relief. The district court accepted Boge's version of the facts for summary judgment purposes, but held that "the facts are insufficient to show that the ICRC improperly refused or failed to amend Boge's charge or even that Boge reasonably attempted to amend." Slip op. at 2 (July 9, 1991) (memorandum opinion) (citations omitted). Boge did inform an ICRC employee about his October 1987 termination, but never indicated that he suspected age discrimination or that it was a permanent discharge. Unlike the second discharge (November 1986) where Boge filed a new charge, Boge made no attempt to file a new charge or amend his previous one and, therefore, equitable considerations do not excuse his failure to file a new charge or amend his previous one. *See Albano v. Schering–Plough Corp.*, 912 F.2d 384 (9th Cir.1990) (equitable considerations excused the lack of timely filing when the EEOC improperly refused to amend the plaintiff's charge), *cert. denied,* — U.S. —, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

Accordingly the judgment of the district court is affirmed.