Suzanne HEILMAN, Plaintiff,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Defendant.**

No. 95–1215–CV–W–5.

United States District Court,
W.D. Missouri,
Western Division.

July 5, 1996.

Sharon Coberly, Sarah Brown, Coberly & Brown, Overland Park, KS, for plaintiff.

Shelley Freeman, William H. Sanders, Sr., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for defendant.

*ORDER*

SCOTT O. WRIGHT, Senior District Judge.

Before this Court are defendant's Motion for Partial Summary Judgment, plaintiff's response, and defendant's reply. For the reasons stated below, defendant's Motion for Partial Summary Judgment is granted in part and denied in part.

## I. *Background*

This case involves alleged violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") and the Missouri Human Rights Act ("MHRA"). Plaintiff Suzanne Heilman ("plaintiff") is presently employed by defendant American Family Mutual Insurance Company ("defendant") as a District Casualty Claim Manager.

Plaintiff filed her initial Complaint for sex discrimination on December 4, 1995. Plaintiff claims that defendant discriminated against her on the basis of sex by denying her promotions to the Branch Claims Manager position in 1990 and 1995, and instead hired less qualified male applicants. On January 24, 1996, before defendant filed an answer, plaintiff amended her Complaint and added a second count. Count II alleges that defendant retaliated against plaintiff by down-grading plaintiff in her 1995 Performance Assessment.[1] On June 24, 1996, this Court granted plaintiff leave to file a Second

Amended Complaint, which includes a third count of retaliation. Count III alleges that defendant threatened to terminate her for tape-recording a portion of her January 9, 1996 performance evaluation with her supervisor.

## I. *Standard of Review*

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Rafos v. Outboard Marine Corp.*, 1 F.3d 707, 708 (8th Cir.1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). A defendant who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A plaintiff opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings, "but must set forth specific facts showing there is a genuine issue for trial." *Id.*

## II. *Discussion*

Defendant filed a Motion for Partial Summary Judgment claiming that: (1) plaintiff's claim of sex discrimination based on defendant's failure to promote her to Branch Claims Manager in 1990 (Count I) is time-barred, and (2) plaintiff's claim of retaliation (Count II) is barred because she failed to exhaust her administrative remedy; and even if the claim is not barred, it must fail because plaintiff cannot establish a prima facie case of retaliation.

### A. *Count I—Failure to Promote in 1990*

Defendant first contends that plaintiff's claim of sex discrimination based on its decision to fill the Topeka Branch Claims Manager position in 1990 with a male applicant is time-barred. Defendant asserts that plaintiff failed to file a complaint with the Equal Employment Opportunity Commission ("EEOC") or the Missouri Human Rights

1. This evaluation was performed on January 9, 1996, by plaintiff's supervisor, Ross McClain, the successful applicant for the 1995 Branch Claims Manager position.

Commission ("MHRC") within the statute of limitations period.

Title VII mandates that a plaintiff file an administrative charge of discrimination "within 180 days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). The Missouri Human Rights Act (MHRA) also requires that an administrative charge be brought "within 180 days" of the alleged act of discrimination. Mo.Rev.Stat. § 213.075.1. The statute of limitations period for purposes of Title VII and the MHRA begins to run on the date that the allegedly discriminatory act took place and the plaintiff was aware of the action. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Boge v. Ringland–Johnson–Crowley Co.,* 976 F.2d 448, 451 (8th Cir.1992) (an adverse employment action, such as a failure to promote, is considered to be a complete act at the time it occurs).

In the instant case, plaintiff alleges that she was discriminated against on the basis of sex when she did not receive a promotion to Branch Claims Manager in 1990. Plaintiff, however, did not file a discrimination charge with the EEOC until 1995, after she was again denied the position. While it is undisputed that plaintiff did not file a complaint with any administrative agency within 180 days of not receiving the 1990 promotion, she argues that the continuing violation doctrine provides an exception to the statute of limitations. Plaintiff asserts that defendant's failure to promote her to Branch Claims Manager in 1990, and then again in 1995, establishes a pattern of continuing discrimination.

This Court holds, however, that plaintiff cannot set forth specific facts showing that a pattern of continuing discrimination existed. In order to apply this equitable exception to the statute of limitations, this Court must find an unlawful employment practice which has manifested itself over time within the defendant company, rather than merely a series of distinct acts. *Thompson v. Runyon,* 1994 WL 803276, at *26 (W.D.Mo.1994); *see Delaware State College,* 449 U.S. at 258, 101 S.Ct. at 504 ("[t]he emphasis is not upon the effects of earlier employment decisions;" the court must focus on alleged present unlawful action).

The Fifth Circuit has developed a three-factor test to determine whether a plaintiff was subjected to a continuing violation of her rights:

The first [factor] is subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in continuing violation? The second is frequency. Are the alleged acts recurring (e.g. a biweekly paycheck) or more in the nature of an isolated work assignment or employment decision? The third factor ... is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequence of the act is to be expected without being dependent on a continuing intent to discriminate?

*Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983). Utilizing the Fifth Circuit's three-factor test, it is clear to this Court that plaintiff's complaints of sex discrimination based on defendant's decisions to not promote her in 1990 and 1995 constitute a series of individual acts and not a continuing violation.

The first "subject matter" factor requires some connection between the alleged acts of discrimination. This Court concludes that this factor weighs in favor of plaintiff because she alleges that she was discriminated against on the basis of sex for the same position in 1990 and 1995. However, this Court finds that plaintiff cannot show that the second and third factors support her contention that a continuing violation exception to the statute of limitations should be applied.

Under the second "frequency" factor, a court must decide if the alleged acts of discrimination are recurring or are merely isolated occurrences. With regard to this factor, this Court does not find that defendant's failure to promote plaintiff to Branch Claims Manager in 1990 and 1995 can be called a recurring act of sexual discrimination. But even if plaintiff could inject a genuine issue as to whether or not defendant has a policy of discriminating against women, she cannot

show she is entitled to a continuing violation exception under the third factor.

The third "permanence" factor requires plaintiff to show that defendant's alleged discriminatory act was not so permanent as to alert her that her rights had been violated. This Court strongly concludes that plaintiff was or should have been alerted in 1990 if her rights were violated when she did not receive the promotion. *See Thompson*, 1994 WL 803276, at *28; *Caudill v. Farmland Indus., Inc.*, 698 F.Supp. 1476, 1483 (W.D.Mo.1988) (court found that there was no "subtle employer action [ ] that might escape an employee's notice").

This Court finds that plaintiff's failure to timely file an administrative charge regarding the 1990 promotion entitles defendant to summary judgment on this part of Count I. Evidence of this alleged discriminatory action, however, may be admissible at trial. As explained by the Supreme Court and adopted by the Eighth Circuit:

> A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.

*Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 229 (8th Cir.1996) (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977)).

### B. *Count II—Retaliation*

Defendant next asserts two grounds for why it is entitled to summary judgment on Count II. First, defendant contends that Count II is barred because plaintiff failed to exhaust her administrative remedies by alleging retaliation in her charge to the EEOC. Second, defendant argues that even if plaintiff did exhaust her administrative remedies, she still cannot make out a prima facie case for retaliation.

Plaintiff states in her Supplemental Brief in Opposition to defendant's Motion for Partial Summary Judgment that she was issued a right-to-sue letter from the EEOC on May 14, 1996 for charges based on retaliatory conduct occurring subsequent to the filing of this action. As a result, because plaintiff has now exhausted her administrative remedies on Count II and, in the interests of judicial economy, this Court will deny as moot defendant's first ground for summary judgment on Count II. This Court now addresses defendant's second ground for requesting summary judgment on plaintiff's retaliation claim.

In order to state a prima facie case of retaliation which survives a motion for summary judgment, "a plaintiff must show: (1) that [she] engaged in statutorily protected activity; (2) an adverse employment action; and (3) a causal connection between the adverse employment actions and the protected activity." *Evans v. Kansas City, MO School Dist.*, 65 F.3d 98, 100 (8th Cir.1995) (citations omitted).

The fighting issue in this case is whether defendant subjected plaintiff to an adverse employment action in retaliation for filing her Title VII claim. In Count II, plaintiff contends that on January 9, 1996, four months after she received a right-to-sue letter from the EEOC and had filed this lawsuit, defendant issued plaintiff's 1995 Performance Assessment. This assessment was done by plaintiff's new supervisor, Mr. McClain, who was the successful applicant for the 1995 promotion plaintiff sought. Plaintiff's performance was evaluated in thirty-nine (39) categories, the same categories that she had been evaluated in the previous year's assessment. Plaintiff charges, however, that she was downgraded in twelve (12) of the thirty-seven (37) categories. Further, in the 1995 assessment, plaintiff's skills were rated a "5" in thirty-seven (37) of the thirty-nine (39) categories as compared with the 1994 assessment where plaintiff received a "5" in all thirty-nine (39) categories.

This Court finds that plaintiff states a sufficient claim for retaliation to survive a motion for summary judgment. While plaintiff received ratings which stated that she either met or exceeded defendant's expectations in her 1995 assessment, the fact remains that her 1995 evaluation is not as high as her 1994 evaluation. Further, plaintiff's

new supervisor and evaluator was Mr. McClain, the individual who received the 1995 promotion which is the subject of this lawsuit. Therefore, the issue of whether plaintiff was subjected to an adverse employment action in retaliation for filing this action is more appropriately decided by a jury.

### III. *Conclusion*

Plaintiff failed to timely file an administrative charge that defendant discriminated against her on the basis of sex when it refused to promote her to Branch Claims Manager in 1990. Further, plaintiff cannot show that defendant's failure to promote her in 1990 constitutes a continuing violation of her rights by defendant. As a result, plaintiff is not entitled to the continuing violation exception to the statute of limitations regarding the 1990 promotion and this part of Count I is time-barred.

Additionally, defendant cannot show that no genuine issue of material fact remains regarding plaintiff's claim of retaliation in Count II. Therefore, a jury must decide the issue of whether plaintiff was subjected to an adverse employment action and summary judgment on this count is inappropriate.

Accordingly, it is hereby

ORDERED that defendant's Motion for Partial Summary Judgment (document 20) is granted in part and denied in part. It is further

ORDERED that defendant's Motion for Partial Summary Judgment on the section of plaintiff's Count I that alleges discrimination based on defendant's failure to promote her in 1990 is granted. It is further

ORDERED that defendant's Motion for Partial Summary Judgment on Count II is denied.