Peter J. **SHELTON,** Plaintiff– Appellant,

v.

The **BOEING COMPANY,** Defendant–Appellee,

Gkn Aerospace North America, Inc.; Lodge 837, International Association of Machinists and Aerospace Workers AFL–CIO, Defendants.

No. 04–1828.

United States Court of Appeals, Eighth Circuit.

Submitted: Nov. 19, 2004.

Filed: March 7, 2005.

John E. Toma, Jr., argued, St. Louis, MO, for appellant.

Timothy Mooney, Jr., argued, St. Louis, MO, for appellee.

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

MCMILLIAN, Circuit Judge.

Peter J. Shelton appeals from an order entered in the United States District Court[1] for the Eastern District of Missouri dismissing his claims against his former employer, The Boeing Company (Boeing), under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. See Shelton v. The Boeing Co.*, No. 4:02CV286 (E.D.Mo. Nov. 17, 2003) (order granting Boeing's motion for partial dismissal) (hereinafter "slip op."). For reversal, Shelton argues that the district court erred in dismissing, for failure to exhaust administrative remedies, his claims of discriminatory refusal to rehire

---

[1] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

arising after June 25, 2001. For the reasons discussed below, we affirm.

Jurisdiction in the district court was proper under 28 U.S.C. §§ 1331, 1343. Jurisdiction in this court is proper under 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R.App. P. 4(a).[2]

Shelton was a production material coordinator for Boeing. After Boeing sold the division in which Shelton worked, he was notified that he would be laid off effective January 12, 2001. Shelton was 50 years old at the time of the layoff. On October 24, 2001, Shelton filed an intake questionnaire, or administrative charge, with the Equal Employment Opportunity Commission (EEOC), alleging that Boeing had discriminated against him on the basis of his age in terminating him and refusing to rehire him for another position. On his administrative charge, in the section enti-

tled "Hiring/Promotion," Shelton wrote: "Applied to Boeing 10 times," and he set forth the specific positions for which he applied. In response to the question: "When did you apply for that position?," Shelton indicated a time period of November 15, 2000, through June 25, 2001. To the question: "When did you learn that you were not selected? (Date)," he wrote: "NO RESPONSE FROM BOEING."

After Shelton received a Right to Sue letter, he brought the present action in federal court. In his second amended complaint, Shelton alleged: "Since Plaintiff's termination, he has repeatedly applied for other positions with Defendant Boeing and has been repeatedly denied employment, often losing the position to individuals who are younger and less qualified." Appellant's Appendix at 16.

Following some discovery, Boeing moved to dismiss Shelton's claims, for fail-

2. At oral argument, we *sua sponte* questioned counsel as to whether Shelton had adequately preserved the exhaustion-of-administrative-remedies issue in his Notice of Appeal (NOA) where the NOA designated only "the final judgment" entered on March 3, 2004, and not the district court's order of November 17, 2003, as that which was being appealed. We raised this jurisdictional issue in recognition of our "special obligation" to consider our own jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522–23 (8th Cir.1991) (indicating that jurisdictional issues should be raised *sua sponte* by a federal court whenever it appears that jurisdiction may be lacking). However, upon independent review, we are now satisfied that we have jurisdiction over this appeal. Under Fed. R.App. P. 3(c)(1)(B), Shelton's designation in the NOA of the final judgment, as opposed to an interlocutory order, was sufficient to permit review of the district court's order of November 17, 2003. *See In re National Warranty Ins. Risk Retention Group*, 384 F.3d 959, 964 (8th Cir.2004) (Where the appellant's Notice of Appeal identified only the order of the bankruptcy appellate panel (BAP) affirming an order of the bankruptcy court, and both the BAP's order and the bankruptcy court's order "repre-

sent[ed] the final orders of the respective courts," holding that jurisdiction to review a discovery order was proper because "[t]he obvious intent of the Notice of Appeal was to appeal all orders, including discovery orders, that led up to the courts' final decisions" and no prejudice had been demonstrated.); *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir.2001) ("Ordinarily, a notice of appeal that specifies the final judgment in a case should be understood to bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment."); cf. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002) (designation in NOA of order granting summary judgment insufficient to confer appellate jurisdiction to review order issued a year earlier denying class certification); *Moore v. Robertson Fire Prot. Dist.*, 249 F.3d 786, 788 & nn.2–3 (8th Cir.2001) (where the NOA specified only one plaintiff as the party appealing, and designated only the district court's judgment against that specific plaintiff, court of appeals lacked jurisdiction to review separate earlier order granting summary judgment against two other plaintiffs) (citing Fed. R.App. P. 3(c)(1)(A)).

ure to exhaust administrative remedies, to the extent he was seeking redress for refusals to rehire occurring after June 25, 2001.

The district court held that Shelton had failed to exhaust his administrative remedies for his post-June 25, 2001, claims because they were not raised in the administrative charge nor like or reasonably related to the claims that were raised. Slip op. at 4–5. The district court therefore dismissed "all claims for failure-to-hire arising from hiring decisions made ... after June 25, 2001." *Id.* at 5. Following the entry of final judgment, Shelton appealed.

On appeal, Shelton argues that the district court erred in dismissing his refusal-to-rehire claims under the ADEA arising out of post-June 25, 2001, employment decisions. He notes that his administrative charge referenced ten incidents in which Boeing refused to rehire him, occurring both before and after his termination. He argues that ten subsequent incidents in which he unsuccessfully applied for job vacancies at Boeing are "reasonably related" to the administrative charge. Shelton points out that the scope of his complaint may be as broad as the EEOC investigation that reasonably may be expected to result from his administrative charge. He argues that the scope of his claim in the second amended complaint, incorporating multiple post-June 25, 2001, refusals to rehire, is no broader than the EEOC investigation that reasonably could be expected to grow out of his administrative charge. *See* Brief for Appellant at 11–14 (citing, e.g., *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397 (2d Cir.1993) (circumstances permitting conclusion that a discrimination claim is "reasonably related" to the administrative charge include: where the plaintiff alleges further incidents of discrimination carried out in the same manner as alleged in the administrative charge and where the conduct complained of falls within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge)).

■■■ We review the district court's dismissal of Shelton's claims *de novo.* Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir.2002). The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation. *See, e.g., Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir.1996) (discussing exhaustion requirement under Title VII). "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are 'like or reasonably related' to that claim, in federal court." *Id.* Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Id.* (internal quotation marks and citation omitted). The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge. *See, e.g., Kells v. Sinclair Buick–GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir.2000).

In the present case, it is undisputed that Shelton, in his EEOC intake questionnaire, identified a specific time period in which

he alleged the discriminatory conduct occurred. The ending date, June 25, 2001, was four months before the date on which Shelton submitted the intake questionnaire to the EEOC. Neither Boeing nor the EEOC was on actual notice that Shelton was claiming additional acts of alleged age discrimination occurring after June 25, 2001. Shelton nevertheless now maintains that he should be permitted to sue Boeing under the ADEA on the basis of ten incidents in which Boeing refused to rehire him after June 25, 2001.

 In *Boge v. Ringland–Johnson–Crowley Co.*, 976 F.2d 448, 451 (8th Cir. 1992), the plaintiff had been hired and terminated by the same employer three times. We affirmed the district court's dismissal of the plaintiff's claim arising out of the last termination, where the administrative charge only alleged age discrimination in the first termination. Relevant to the case at bar, we explained: "a layoff from employment constitutes a completed act at the time it occurred .... [A]n employer's failure to recall or rehire does not constitute a continuing violation of the ADEA. Each alleged discriminatory recall constitutes a separate and completed act by the defendant." *Id.* (citations omitted); *accord National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.") (internal quotation marks omitted). Because a refusal to hire or rehire is a discrete employment action, Shelton could have identified, either in his original administrative charge or by amendment, each refusal to rehire that he contends was based upon unlawful age discrimination.

Moreover, because refusals to hire or rehire constitute discrete employment actions, it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge. We therefore hold that Shelton's claims of discriminatory refusal to rehire arising after June 25, 2001, are not like or reasonably related to the claims in his administrative charge. The order of the district court is affirmed.