# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1935

_____

Calvin W. Kirklin

*Plaintiff - Appellant*

v.

Joshen Paper & Packaging of Arkansas Co.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2018
Filed: December 19, 2018

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Calvin Kirklin brought this action against his former employer, Joshen Paper & Packaging of Arkansas Co. ("Joshen"), for race and age discrimination under 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq.*, and for promissory estoppel. The

district court[1] granted Joshen's motion to strike portions of Kirklin's statement of material disputed facts and then granted Joshen's motion for summary judgment on all counts. We affirm.

## I.

Joshen distributes paper, packaging, and sanitation supplies to wholesale and retail accounts nationwide. Kirklin is an African-American male who was fifty-six years old when he filed this lawsuit. He worked for Joshen since at least 2005 and, despite having a Class A commercial driver's license that permitted him to operate tractor-trailer trucks, drove smaller "bob" or "straight" trucks for Joshen. He did not believe he could drive tractor trailers and did not want to drive any routes that required overnight travel.

In January 2012, Kirklin sustained an injury while making a delivery. After the injury, he went on leave until March 15, 2012 and then again between December 12, 2012 and February 3, 2013. He thereafter returned to work at Joshen on a part-time basis with instructions from his chiropractor not to work more than twenty hours per week for four weeks. By March 2013, Kirklin's hours were no longer restricted, but he asked for and was granted permission to continue working part-time. Kirklin alleges that his supervisor, Tom Mondok, knew that Kirklin was still in pain even after his hours were no longer limited by his chiropractor.

After being instructed to make cutbacks for operational purposes, Mondok laid off Kirklin on July 29, 2013. Kirklin admitted that Mondok did not promise him that he would be rehired. But Kirklin testified that he was assured that he would be "laid off" and not "terminated," which he understood to mean that the job would be waiting for him after he fully healed from his injury. According to Joshen, no one was hired to replace Kirklin, and his delivery routes were absorbed by existing drivers.

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

After Joshen laid him off, Kirklin did not inquire about open positions, submit an application, or express interest in returning to work. In December 2013, another Joshen truck driver who drove a tractor trailer full-time with an overnight route became ill and took leave until his employment ended in February 2014. On December 30, 2013, a white male who is nine months younger than Kirklin applied for that position. He was hired in January 2014. According to Joshen, Kirklin was not offered the position because he had made clear that he would not drive tractor trailers and did not want to work full-time or drive overnight.

On March 12, 2014, Kirklin filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was "denied rehire" because of his race and age in violation of Title VII and the ADEA. The charge lists December 5, 2013 as both the earliest and latest date that the alleged discrimination took place. The EEOC issued a dismissal and notice of rights, and Kirklin filed this suit on May 28, 2015. Joshen moved for summary judgment on all claims, arguing that Kirklin did not file a timely or otherwise sufficient charge with the EEOC and, even if he had, did not establish *prima facie* cases for his discrimination claims. The district court granted most of Joshen's motion to strike portions of Kirklin's statement of material disputed facts and all of Joshen's motion for summary judgment. Kirklin appeals.

**II.**

We review the district court's order striking portions of Kirklin's statement of material disputed facts for an abuse of discretion. *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 989-90 (8th Cir. 2006); *see also Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 806 (8th Cir. 2013).

Joshen's motion to strike challenged fifty-two paragraphs in Kirklin's statement of material facts for (1) failing to cite to the record, (2) lacking the support of admissible evidence at trial, or (3) containing statements that were not properly

supported by the material cited or that were otherwise irrelevant or immaterial. The district court examined all fifty-two paragraphs and struck most of them. Kirklin challenges the district court's decision regarding twenty-five of those paragraphs and, inexplicably, three that were not struck. Having carefully reviewed the paragraphs that were struck, we agree with the district court that they were deficient for the reasons described in its opinion. Thus, we find no abuse of discretion. *See* 8th Cir. R. 47B.

## III.

We review a grant of summary judgment *de novo*, considering the facts "in the light most favorable to the nonmoving party." *Hiland Partners GP Holdings, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 847 F.3d 594, 597 (8th Cir. 2017). Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Both Title VII and the ADEA require that an employee complaining of discrimination follow administrative procedures before filing a lawsuit in federal court. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (Title VII); *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) (ADEA). Those procedures include filing a charge of discrimination with the EEOC within 180 days of an allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). Failure to exhaust administrative remedies is an affirmative defense that a defendant must prove. *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam).

Kirklin filed a charge with the EEOC on March 12, 2014 alleging that he was "denied rehire" on December 5, 2013. For claims arising from employment decisions made more than 180 days before he filed his charge, the district court properly granted summary judgment in favor of Joshen because Kirklin failed to exhaust

administrative remedies. The district court also properly granted summary judgment in favor of Joshen on the merits as to Kirklin's failure-to-rehire claim, which arose within the 180-day window.[2]

## A.

Kirklin maintains that the EEOC charge he filed encompassed claims of discriminatory failure to promote, discriminatory layoff, and hostile work place. We need not decide whether these claims are within the scope of his EEOC charge because they arose more than 180 days before Kirklin filed his charge with the EEOC. He therefore failed to exhaust his administrative remedies. Kirklin's three arguments to the contrary are unpersuasive.

Kirklin first argues that the 180-day limitations period should be tolled and that Joshen should be estopped from arguing untimeliness. "[E]quitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995) (quoting *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994)). The doctrine of equitable tolling "does not require any misconduct on the part of the defendant." *Id.* We ask whether a "reasonable person" in a plaintiff's situation would have been aware of the existence of a claim. *See id.* at 1329. The doctrine of equitable estoppel, however, "comes into play when a defendant takes active steps to prevent a plaintiff from suing on time." *Id.* (quoting *Chakonas*, 42 F.3d at 1136).

Kirklin asserts that he was "lulled into a sense of security through representations by his supervisor that he would be rehired to his job." This assertion

---

[2]Before the district court and now on appeal, Kirklin also attempts to maintain a retaliation claim. The district court properly granted summary judgment on this claim in favor of Joshen because Kirklin failed to exhaust administrative remedies for it by never filing an attendant charge with the EEOC. *See Russell v. TG Mo. Corp.*, 340 F.3d 735, 747-48 (8th Cir. 2003).

focuses on an alleged affirmative action by Joshen and therefore sounds like a claim for equitable estoppel. As a claim for equitable estoppel, it fails because Kirklin provided no evidence that Joshen took any affirmative actions to prevent him from filing a timely claim. *See Kriegesmann v. Barry-Wehmiller Co.*, 739 F.2d 357, 358-59 (8th Cir. 1984) (quoting *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982)). Kirklin admitted that Mondok never promised him that he would be rehired. But Kirklin nevertheless maintains that he was "promised and assured that he would be recalled to his job after he healed, because he was not terminated." Considering the facts in the light most favorable to Kirklin, Mondok's alleged promise that Kirklin would be "laid off" and not "terminated" can at best be considered an assurance that Kirklin would remain eligible for rehire. But being eligible for rehire is not the same as being promised his job back and is not a sufficient basis for application of the doctrine of equitable estoppel, especially when Kirklin expressed no interest in returning to work after his layoff.

Kirklin's assertion also fails if we consider it to be a claim for equitable tolling. The district court concluded that "the undisputed record evidence with all reasonable inferences drawn in favor of Mr. Kirklin would not support application of that doctrine." *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, No. 4:15-cv-00304, 2017 WL 1179969, at *13 (E.D. Ark. Mar. 29, 2017). Kirklin's sole argument on appeal is that he believed he would be rehired until learning in December 2013 that "other white and younger individuals had been hired by [Joshen] to positions that he would be qualified for on rehire." But a reasonable person in Kirklin's position would not have expected to be rehired when he was laid off because Kirklin's supervisor never made such a promise, as Kirklin admitted, and because Kirklin never requested to be rehired.

Second, Kirklin asks us to construe his claims as alleging a continuing violation that encompasses his layoff and failure to be promoted. But these events are "discrete discriminatory acts" that are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *See Nat'l R.R. Passenger*

*Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Boge v. Ringland-Johnson-Crowley Co.*, 976 F.2d 448, 451 (8th Cir. 1992) ("[A] layoff from employment constitutes a completed act at the time it occurred. . . . [A]n employer's failure to recall or rehire does not constitute a continuing violation of the ADEA."); *Shelton*, 399 F.3d at 913 (finding that an EEOC charge relating to a layoff did not exhaust administrative remedies for a later failure to be rehired). Thus, Kirklin's position that Joshen's failure to promote him and decision to lay him off are part of a "continuing violation" does nothing to change the fact that he needed to file EEOC charges for those claims within 180 days after they occurred. Because he did not, they were properly dismissed by the district court for failure to exhaust administrative remedies.

Third, Kirklin argues that his EEOC charge included a claim for hostile work environment. For such a claim to be actionable, Kirklin needed to file a charge within 180 days of *any* act that contributed to the hostile work environment. *Morgan*, 536 U.S. at 118. He could not have done so because all incidents related to his claim had to have occurred while he was employed by Joshen, and he filed his charge with the EEOC more than 180 days after he was laid off.

B.

Kirklin's failure-to-rehire claim, which arose within the 180-day window, fails on the merits. First, Joshen took no action against Kirklin on the day that the charge says Joshen failed to rehire him. Second, even if the charge could be construed to encompass the actual day when Joshen offered a driver position to someone else, the district court properly granted summary judgment in favor of Joshen.

According to the charge Kirklin filed with the EEOC, Joshen failed to rehire him on December 5, 2013. As the district court determined, however, there was "insufficient record evidence to establish any alleged discriminatory conduct based on age or race that occurred on December 5, 2013." In fact, Kirklin testified that he had no knowledge of Joshen taking any adverse employment action against him on December 5, 2013 and could only speculate that someone at the EEOC must have

-7-

typed that date into his charge. Kirklin states in his appellate brief that when he filed the charge, he was "unsure of the exact date" of the alleged failure to rehire. He only believed that "younger and white employees were hired in December, 2013."

"The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Shelton*, 399 F.3d at 912. We have held that a discriminatory refusal to rehire claim arising from events outside of dates specified in an EEOC charge is "not like or reasonably related to" the claim in that charge. *Parisi v. Boeing Co.*, 400 F.3d 583, 586 (8th Cir. 2005) ("[B]ecause refusals to hire or rehire constitute discrete employment actions, it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge."); *Shelton*, 399 F.3d at 913 (same). Under *Shelton* and *Parisi*, it is not reasonable to believe that an EEOC investigation arising from Kirklin's charge would extend past December 5, 2013 to examine events beginning on December 30, 2013, when a white male submitted an application for a driver position. Because Kirklin's EEOC charge specified a single day on which Kirklin admits that Joshen took no adverse employment action against him, the district court properly granted summary judgment in favor of Joshen on Kirklin's failure-to-rehire claim.

Even if Kirklin's charge could be construed to encompass Joshen's failure to rehire Kirklin for the driver position that became available in December 2013, the district court properly granted summary judgment in favor of Joshen. Kirklin never applied for re-employment or otherwise expressed interest in returning to work. *See Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1217-18 (8th Cir. 1990). Kirklin also did not believe he was qualified for the driver position that became available. That position was for a tractor-trailer driver willing to drive three days per week with an overnight run. Kirklin did not think he could drive tractor trailers and consistently expressed his desire to drive only two days per week with no overnight runs. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011)

(stating that a *prima facie* case for age discrimination requires the plaintiff to prove that he was qualified for the position); *Arraleh v. Cnty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006) (holding the same for race discrimination claims). Thus, granting summary judgment in favor of Joshen on Kirklin's failure-to-rehire claim was proper even if we were to construe his EEOC charge broadly.

## IV.

The district court also correctly determined that Kirklin's ACRA claims were untimely. Under the ACRA, a claim must be filed either (1) within one year after the alleged employment discrimination or (2) within ninety days after receipt of a right-to-sue letter issued by the EEOC. *See* Ark. Code Ann. § 16–123–107(c)(4). First, Kirklin filed his complaint on May 28, 2015, more than one year after every alleged instance of discrimination. Second, while Kirklin filed suit within ninety days of receiving a right-to-sue letter from the EEOC, that letter arose from a charge that, for reasons already discussed, was either untimely or otherwise provided an insufficient basis for the claims he now brings. An untimely EEOC charge will not begin running the ninety-day limitations period of the ACRA. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 489 (8th Cir. 2002); *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 476 (8th Cir. 2010). Permitting an otherwise inadequate EEOC charge to avoid the preclusive effect of the ACRA's limitations period would similarly undermine its purpose and effect. Thus, the district court properly granted summary judgment in favor of Joshen on Kirklin's ACRA claim.

## V.

Finally, the district court properly granted summary judgment in favor of Joshen on Kirklin's promissory estoppel claim. Under Arkansas law, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *DePriest v.*

*AstraZeneca Pharm., L.P.*, 351 S.W.3d 168, 179-80 (Ark. 2009) (quoting Restatement (Second) of Contracts § 90(1) (1981)). Kirklin claims that when he was laid off, he was told that he would be "recalled" once he recovered from job-related injuries. But, as already discussed, there is no factual basis for this claim, and it is further undermined by Kirklin's own admission that he was never promised that he would be rehired. There is also no evidence in the record (1) that Kirklin reasonably relied on any promise; (2) that such a promise was breached; and (3) that, as a result of his reliance on such a promise, he suffered lost wages, lost benefits, lost earning capacity, or any other detriment. Thus, Joshen was entitled to summary judgment.

## VI.

For all these reasons, we affirm the district court's orders granting Joshen's motion to strike and motion for summary judgment.

_____