400 F.3d 583
 Vincent S. PARISI, Plaintiff-Appellant,
v.
THE BOEING COMPANY, Defendant-Appellee,
GKN Aerospace North America, Inc.; Lodge 837, International Association of Machinists and Aerospace Workers AFL-CIO, Defendants.
 No. 04-1484.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 19, 2004.
 Filed: March 7, 2005.
 
 John E. Toma, Jr., argued, St. Louis, Missouri, for appellant.
 Timothy C. Mooney, Jr., argued, St. Louis, Missouri (Hollye Stolz Atwood and Elizabeth C. Carver, St. Louis, Missouri on the brief), for appellee.
 Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.
 MCMILLIAN, Circuit Judge.
 
 
 1
 Vincent S. Parisi appeals from an order entered in the United States District Court[1] for the Eastern District of Missouri dismissing his claims against his former employer, The Boeing Company (Boeing), under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. See Parisi v. The Boeing Co., No. 4:02CV00251 (E.D. Mo. June 26, 2003) (memorandum and order) (hereinafter "slip op."). For reversal, Parisi argues that the district court erred in dismissing, for failure to exhaust administrative remedies, his claims of discriminatory refusal to rehire arising after January 12, 2001. For the reasons discussed below, we affirm.
 
 
 2
 Jurisdiction in the district court was proper under 28 U.S.C. §§ 1331, 1343. Jurisdiction in this court is proper under 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R.App. P. 4(a).
 
 
 3
 Parisi was a production material coordinator for Boeing. After Boeing sold the division in which Parisi worked, he was notified that he would be laid off effective January 12, 2001. Parisi was 42 years old at the time of the layoff. On July 23, 2001, Parisi filed an intake questionnaire, or administrative charge, with the Equal Employment Opportunity Commission (EEOC) alleging, among other things, that Boeing had discriminated against him on the basis of his age in terminating him and in refusing to rehire him for another position. On his administrative charge, Parisi specifically mentioned only one incident in which he applied for a position at Boeing and was rejected. He indicated that he learned about the job opening from the Boeing website, applied for the job on December 6, 2000, and was notified that he did not get the job on January 12, 2001.
 
 
 4
 After receiving a Right to Sue letter from the EEOC, Parisi brought the present action in federal court. In his second amended complaint, he alleged: "Since Plaintiff's termination, he has repeatedly applied for other positions with Defendant Boeing and has been repeatedly denied employment, often losing the position to individuals who are younger and less qualified." Appellant's Appendix at 18.
 
 
 5
 Boeing moved to dismiss Parisi's claims, for failure to exhaust administrative remedies, to the extent he was seeking redress for refusals to rehire occurring after January 12, 2001.
 
 
 6
 The district court held that Parisi had failed to exhaust his administrative remedies for claims based on post-January 12, 2001, refusals to rehire because they were not mentioned in the administrative charge nor like or reasonably related to any claims asserted therein. Slip op. at 4-6. Accordingly, the district court granted Boeing's motion to dismiss "as to any claims of failure to rehire after January 12, 2001." Id. at 8. Following the entry of final judgment, Parisi appealed.
 
 
 7
 On appeal, Parisi argues that the district court erred in dismissing claims under the ADEA arising out of post-January 12, 2001, refusals to rehire. He argues that, although his administrative charge mentioned only one specific incident in which he applied and was rejected for a job opening at Boeing, ninety-four subsequent incidents in which he unsuccessfully applied for job vacancies at Boeing are "reasonably related" to the administrative charge. Parisi points out that the scope of his complaint may be as broad as the EEOC investigation that reasonably may be expected to result from his administrative charge. He argues that the scope of his claim in the second amended complaint, incorporating multiple post-January 12, 2001, refusals to rehire, is no broader than the EEOC investigation that reasonably could be expected to grow out of his administrative charge. See Brief for Appellant at 10-13 (citing, e.g., Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397 (2d Cir.1993) (circumstances permitting conclusion that a discrimination claim is "reasonably related" to the administrative charge include: where the plaintiff alleges further incidents of discrimination carried out in the same manner as alleged in the administrative charge and where the conduct complained of falls within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge)).
 
 
 8
 We review the district court's dismissal of Parisi's claims de novo. Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court. See Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir.2002). The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation. See, e.g., Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996) (discussing exhaustion requirement under Title VII). "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are `like or reasonably related' to that claim, in federal court." Id. Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that "there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." Id. (internal quotation marks and citation omitted). The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge. See, e.g., Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir.2000).
 
 
 9
 In the present case, it is undisputed that Parisi filled out his EEOC intake questionnaire over six months after his termination. He specifically identified only one incident in which he applied for an open position at Boeing and was rejected, and he set forth January 12, 2001, as the date on which he learned that he did not get the job. He did not mention in the administrative charge any other incident in which he applied for a job opening at Boeing and was rejected. Neither Boeing nor the EEOC was on actual notice that Parisi was claiming additional acts of alleged age discrimination occurring after January 12, 2001. However, in his second amended complaint, Parisi alleged that he repeatedly applied for job openings at Boeing, and Boeing repeatedly refused to rehire him based on his age.
 
 
 10
 In Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 451 (8th Cir.1992), the plaintiff had been hired and terminated by the same employer three times. We affirmed the district court's dismissal of the plaintiff's claim arising out of the last termination, where the administrative charge only alleged age discrimination in the first termination. Relevant to the case at bar, we explained: "a layoff from employment constitutes a completed act at the time it occurred.... [A]n employer's failure to recall or rehire does not constitute a continuing violation of the ADEA. Each alleged discriminatory recall constitutes a separate and completed act by the defendant." Id. (citations omitted); accord National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.") (internal quotation marks omitted). Because a refusal to hire or rehire is a discrete employment action, Parisi could have identified, either in his original administrative charge or by amendment, each refusal to rehire that he contends was based upon unlawful age discrimination. Moreover, because refusals to hire or rehire constitute discrete employment actions, it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge. We therefore hold that Parisi's claims of discriminatory refusal to rehire arising after January 12, 2001, are not like or reasonably related to the claims in his administrative charge. The order of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri