# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1898

_____

Victor Ziegler, Sr.,

         Appellant,

    v.

Gale Norton, Secretary, United States
Department of the Interior; Richard
Armstrong, BIA, Aberdeen Area
Supervisory Criminal Investigator; Ted
Qusula, Director of the Bureau of
Indian Affairs, Office of Law
Enforcement Service; Walt Hernandez;
Brent Larocque; Karen Chicharello;
Kevin Gover,

         Appellees.

Appeal from the United States
District Court for the
District of South Dakota.

[UNPUBLISHED]

_____

Submitted: February 7, 2006
Filed: February 14, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Victor Ziegler, Sr., appeals the district court's[1] adverse grant of summary judgment in his lawsuit brought under the Age Discrimination in Employment Act (ADEA), the Veterans Employment Opportunities Act (VEOA), and the Administrative Procedures Act (APA), against Secretary of the Department of the Interior Gale Norton (DOI).[2] His claims arose from his nonselection for a criminal-investigator (CI) position, and a reorganization of the Bureau of Indian Affairs' (Bureau's) law-enforcement programs. Having carefully reviewed the record, we affirm. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir.) (de novo standard of review), cert. denied, 543 U.S. 991 (2004). We disagree with Ziegler that the grant of summary judgment was premature, as Ziegler did not seek a continuance under Federal Rule of Civil Procedure 56(f), see Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997); and we find no abuse of discretion in the district court's discovery rulings, see Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005).

The district court correctly determined that Ziegler failed to establish any trialworthy issues as to whether he had exhausted his administrative remedies by contacting an Equal Employment Opportunity counselor within forty-five days of the alleged discriminatory event. See Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (exhaustion of administrative remedies is condition precedent to filing ADEA action in federal court); 29 C.F.R. § 1614.105 (2005) (pre-complaint processing). Ziegler provided no basis for applying the continuing-violation doctrine, because the nonselection decision at issue was a discrete event. See Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003). Ziegler also did not qualify for an extension of the

---

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, adopting the report and recommendations of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

[2]He has waived his claims against the remaining defendants. See Meyers v. Starke, 420 F.3d 738, 742-43 (8th Cir. 2005).

forty-five-day deadline based on any regulatory provisions, see 29 C.F.R. § 1614.105 (a)(2) (2005), and the doctrines of equitable tolling and equitable estoppel do not help him, see Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835-36 (8th Cir. 2002) (discussing doctrines).  As to the APA and VEOA claims, Ziegler presented no evidence showing a connection between the nonselection decision and the reorganization, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (standing requires, inter alia, causal connection between injury and conduct complained of; party invoking federal jurisdiction bears burden of establishing elements for standing); and the indisputable evidence showed the decision to select someone other than Ziegler for the CI position became effective October 25, 1998, before the October 31, 1998 effective date of the VEOA, see Lapuh v. Merit Sys. Prot. Bd., 284 F.3d 1277, 1277-82 (Fed. Cir. 2002) (VEOA did not confer jurisdiction to adjudicate claims of veterans'-preferences violations allegedly occurring before effective date of Act).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____