An appropriate order of remand will accompany this memorandum and order.

**Maurice John GATES, Plaintiff,**

v.

**CITY OF LEBANON, et al., Defendants.**

**Case No. 08–3293–CV–S–ODS.**

United States District Court,
W.D. Missouri,
Southern Division.

Oct. 22, 2008.

---

The validity of this rule in the Eighth Circuit is beyond doubt. In *Massachusetts State Pharm. Ass'n*, the Eighth Circuit named and followed the "plaintiff's viewpoint rule," observing specifically that while "[t]here is some authority for the proposition that the amount in controversy is valued by the 'thing to be accomplished by the action' as to either the plaintiff or the defendant, whichever is the higher," *id.*, 431 F.2d at 132 n. 1 (citing *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir.1965), and *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814–16 (8th Cir.1969)), "[i]n neither of these cases did we apply the defendant's standpoint test." *Id.*, 431 F.2d at 132 n. 1. The Eighth Circuit then concluded that it was "of the view that the 'plaintiff's viewpoint rule' is the only valid rule." *Id.*

Christopher J. Swatosh, Law Office of Cristopher J. Swatosh, Ava, MO, Larry A. Tyrrell, Mountain Grove, MO, for Plaintiff.

Kristen Baird Roubal, M. Douglas Harpool, Baird, Lightner, Millsap & Harpool, PC, Springfield, MO, for Defendants.

*ORDER AND OPINION GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS*

ORTRIE D. SMITH, District Judge.

Pending is Defendants' partial motion to dismiss, which seeks dismissal of (1) all individual defendants and (2) all claims of age discrimination. The motion (Doc. # 3) is granted.

## I. BACKGROUND

Plaintiff was a police officer for the City of Lebanon, Missouri ("the City"), from June 2002 until October 2007. He initiated this proceeding on July 18, 2008, by filing a Petition in state court. His Petition alleges violations of the Missouri Human Rights Act ("MHRA"), Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Age Discrimination in Employment Act ("ADEA"). The defendants are the City and various City officials (including the Mayor, city councilmembers, and the Chief of Police). The lawsuit asserts claims arising from two different (albeit related) events, which were the subject of two separate administrative complaints.

*A. The First Administrative Complaint*

The Petition alleges, and solely for purposes of this Order the Court accepts as true, that in the Spring of 2007 the City adopted a policy requiring all police officers to wear protective vests while on duty. Plaintiff advised that he could not wear a protective vest because doing so caused him anxiety and panic attacks. He requested an accommodation but was denied. On October 22, 2007, Plaintiff filed an administrative charge with the Missouri Commission on Human Rights (the "Missouri Commission") and the EEOC. The charge consisted of two documents: the administrative agencies' pre-printed form and a separate statement prepared by Plaintiff. On first page of the form is an area with the following statement: "DIS-CRIMINATION BASED ON *(Check appropriate box(es))* ". Nine boxes appear in this area, each labeled with a different basis for asserting a discrimination claim; examples include race, color, sex, age, retaliation and disability. There is also a space for the complainant to set forth the details of the complaint. On his form, Plaintiff checked only the box for disability, and in the Details section Plaintiff discussed only the failure to accommodate his disability by excepting him from the vest policy. Finally, in the blank provided for naming "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" he "Believe[d] Discriminated Against Me," Plaintiff listed only the City. The form directs that additional people or entities should be listed in the Details, but Plaintiff's form does not identify anyone other than the City (which he referred to with the singular term "Respondent").'

Plaintiff's first charge was accompanied by a twelve-page Statement of Facts and a multitude of exhibits. The statement is a narrative prepared by Plaintiff that discusses the City's policies, Plaintiff's medical condition, and the sequence of events that led to his belief that he was being discriminated against based on his disability or his involvement in the Fraternal Order of Police. The FMLA, MHRA, and the ADA are mentioned; the ADEA is not. Similarly, nothing in the narrative discusses any facts suggesting Plaintiff believed his age was a factor in the Defendants' actions to that point. In the course of the narrative, the statement necessarily discusses the actions and comments of other people, including the individual defendants in this case.

*B. The Second Administrative Charge*

On October 24, 2007—two days after filing the aforementioned charge—Plaintiff was terminated. On November 29, 2007,

Plaintiff filed a second charge with both agencies. This time, he marked the box for retaliation, and in the Details section Plaintiff expressed his belief that he was discharged in retaliation for filing the first charge. As with the first charge, the second charge identifies only the City as the person/entity responsible for the discriminatory conduct. A Statement of Facts prepared by Plaintiff was also provided. The events and facts described do not mention anything about Plaintiff's age or otherwise suggest his belief that his age was a factor in the decision to terminate his employment. As with the statement accompanying the first charge, the statement mentions actions and statements of many individuals.

### C. The Right to Sue Letters

On April 22, 2008, the Missouri Commission issued a Right to Sue Letter with respect to Plaintiff's first charge. The EEOC followed suit on May 22, 2008. The EEOC's letter notified Plaintiff of his right to file suit under the Americans with Disabilities Act; the Missouri Commission's letter did not specify a statute (undoubtedly because Missouri has one statute to cover all forms of discrimination, obviating the need to specify a particular statute). On June 19, Plaintiff received a Right to Sue Letter from the Missouri Commission with respect to his second charge. The EEOC followed suit on September 17, 2008, and again the letter does not mention the ADEA.

## II. DISCUSSION

Defendants argue Plaintiff has not administratively exhausted his claims of age discrimination. Defendants also argue Plaintiff has not administratively exhausted his claims against the individual defendants. The Court agrees on both points.

■ Both the ADEA and the MHRA require an administrative claim be filed before a suit can be filed. 29 U.S.C. § 626(d)(2); Mo.Rev.Stat. § 213.075(1). "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir.2005). "Exhaustion of administrative remedies entitling a claimant to bring a cause of action, under both statutes, requires a claimant to give notice of all claims of discrimination in the administrative complaint." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir.2000) (quotation omitted). The Court must liberally construe the charge when determining whether a particular claim has been exhausted, and "[t]he breadth of the civil suit is ... as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* at 631. Despite this liberal construction, "there is a difference between liberally reading a claim which lacks specificity, and inventing ... a claim which simply was not made." *Parisi*, 400 F.3d at 585 (quotation omitted).

### A. Age Discrimination

■ Despite opportunities to do so, Plaintiff did not mention his belief that age was a factor in either the treatment he received or the decision to terminate him. In the first charge, Defendant was instructed to mark all boxes that described his claim; he then marked the box for disability and did not mark the box for age. His narrative discusses accommodation of his disability but does not discuss age. Plaintiff suggests he sufficiently identified his claim of age discrimination by including his age on the "cover page," but the cover page does not appear to be part of the record. Moreover, even if Plaintiff somewhere mentioned his age, this would have been insufficient to assert

a claim for age discrimination—particularly when he devoted more than twelve pages of explanation for his claim that completely fails to mention age as an issue. Even with a liberal construction, the resulting investigation could not have been reasonably expected to extend into potential grounds for disability that are not mentioned in the slightest.

The same analysis applies to the second charge. This time, Plaintiff marked the box for retaliation and specified that he believed he was fired for filing the previous administrative charge. Nothing suggests the investigation should have extended into the possibility that Plaintiff's age was also a factor in the decision to terminate his employment.

### B. The Individual Defendants

■ The Court also concludes Plaintiff failed to sufficiently indicate he was filing a charge against the individual Defendants. Plaintiff correctly points out that he described the actions of many individuals, including those he wishes to sue. However, this observation would be true of any administrative charge; most employers are corporations or other entities, and entities can act only through human agents. Thus, in describing the particulars of the claim the claimant must necessarily describe the conduct of other human beings. Accepting Plaintiff's suggestion would require concluding that all individuals mentioned in an administrative charge are subjects of the investigation, thereby eviscerating the requirement that a claimant identify the entities and individuals he or she is complaining about. Plaintiff's suggestion is also untenable in that it provides no means for distinguishing between (1) the individuals he mentions but does not hold responsible for discrimination and (2) those he mentions and does hold responsible.

Finally, Plaintiff's position is contrary to state law. Federal law does not permit claims against supervisors and other individuals other than the actual employer, so Plaintiff's claim against the individuals exists, if at all, under the MHRA.[1] The MHRA contains a provision applicable to a circumstance, like the one at bar, in which a person is not named as a respondent in an administrative complaint:

> A person who is not named as a respondent in a complaint, but who is identified as a respondent in the course of investigation, may be joined as an additional or substitute respondent upon written notice, pursuant to such rules, regulations, and guidelines as the commission shall prescribe. Such notice, in addition to complying with the requirements of such rules, regulations, and guidelines, shall also state the reason why the person to whom the notice is addressed has been joined as a party.

Mo.Rev.Stat. § 213.075.4. Notices were not issued to any of the individuals, and Plaintiff never named any individuals as a respondent, so the Court must conclude the Missouri Commission's investigation never extended to or included the individuals as respondents (as opposed to witnesses).

### III. CONCLUSION

The partial motion to dismiss is granted. The individual Defendants are dismissed without prejudice, leaving the City as the only Defendant. Count III is also dismissed without prejudice to the extent that it asserts clams predicated on Plaintiff's age.

IT IS SO ORDERED.

---

1. The Court's conclusion about the charge's contents makes it unnecessary to determine whether a cause of action against the individuals is cognizable under state law.