**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3245
_____

JOHNNIEMAE GREEN; NORMAN GREEN

v.

POSTMASTER GENERAL OF THE UNITED STATES (Eastern Area); BRIAN
STEWART, Individually and in his capacity as Plant Manager of the Philadelphia
Logistics and Distribution Center for the U.S. Postal Service (Eastern Area)

Johnniemae Green, Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-0597)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
Opinion filed   July 18, 2011
_____

OPINION
_____

PER CURIAM.

Pro se appellant Johnniemae Green appeals the District Court's orders

granting defendant John E. Potter's motion for partial dismissal and motion for summary

judgment. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). For the reasons discussed below, we will affirm the District Court's judgment.

Green, an African-American woman, is a longtime employee of the United States Postal Service. In December 2005, a Postal Service directive required Brian Stewart, the acting plant manager, to restructure the staffing at Green's facility. As relevant to Green, four management-level positions — managers of distribution operations, or "MDOs" — would be available, and all current managers (including Green) would be required to apply for these positions. The most-coveted position was the "Lead MDO."

Green applied for all four positions, and was selected for one that she later described as her third choice. The Lead MDO went to Thomas Bissell, a white male. After obtaining a right-to-sue letter from the Postal Service's Equal Employment Opportunity (EEO) Office, Green instituted this action against Potter, the Postmaster General, claiming that she had been discriminated against on account of her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. She also claimed that she had been subjected to a hostile work environment.[1]

---

[1] Green initially also included her husband as a plaintiff and the Postal Service and Brian Stewart as defendants, but she voluntarily dismissed those parties from the action. She also voluntarily dismissed claims that she had raised under 42 U.S.C. § 1981. Finally,

2

After Green filed her complaint in the District Court, the Postal Service informed her that she would be transferred to another facility. According to the Postal Service, the transfer was necessary because the proximity of Green and her daughter, who worked in the same facility, created a "problematic arrangement." Green then amended her complaint to allege that this transfer was the result of race and gender discrimination.

The District Court granted Potter's motion to dismiss Green's claims concerning her transfer, and subsequently granted summary judgment to Potter on the remaining claims. Green then filed a timely notice of appeal to this Court.

In her appellate brief, Green has not meaningfully challenged the District Court's analysis or conclusions. On our own independent review, we are satisfied that the Court did not err in granting judgment to Potter. First, we agree that Potter was entitled to summary judgment on Green's failure-to-promote claims. Because Green did not provide direct evidence of discrimination, her claims are analyzed under the burden-shifting framework set forth by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000). The parties agree that Green made a prima facie showing of discrimination

she included some allegations in her complaint concerning age discrimination, but did not develop those contentions before the District Court. Insofar as Green sought to present an age-discrimination claim, we will affirm the District Court's order granting summary judgment to Potter on that claim.

because Bissell, a white male, was selected for the Lead MDO position that Green sought. The burden thus shifts to Potter to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (internal quotation marks omitted). Potter has carried this burden. Stewart, who was responsible for filling the Lead MDO position, explained that he selected Bissell for the position because he vastly outperformed Green during the interview stage of the hiring process. In the interview, Stewart asked 25 questions that he believed the candidates should have been able to answer based on their experience at the Postal Service facility. Bissell answered 24 of those questions correctly; Green was able to provide correct answers to only 12. See Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 526 (3d Cir. 1992).

The burden thus shifts back to Green to present sufficient evidence for a reasonable factfinder to disbelieve this explanation. Fuentes, 32 F.3d at 764. Green argued that Stewart's explanations were inconsistent — sometimes Stewart said he considered the candidates' interview performance and their experience, and other times he focused only on the former. Viewed in context, however, Stewart's accounts are entirely consistent: he said that he considered both factors in evaluating the candidates, and that in comparing Green and Bissell, it was the interview that made the difference. Green's only other argument is that Stewart intentionally designed the interview to include questions that she could not answer. This contention, however, is based solely on

4

Green's own speculation and thus cannot sustain her burden.  See, e.g., <u>Ridgewood Bd.</u> <u>of Educ. v. N.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999).[2]

We also agree with the District Court that Green failed to exhaust her claims that she was transferred due to the Postal Service's racial or gender animus.  To exhaust the claims under Title VII, Green was required to contact an EEO counselor within 45 days of the alleged discriminatory action, <u>see</u> 29 C.F.R. § 1614.105(a)(1), and then file a formal complaint within 15 days of receiving notice of her right to file a complaint, <u>see</u> 29 C.F.R. § 1614.106(b).  Green was notified of the transfer on June 11, 2007.  On June 20, 2007, she filed a pre-complaint form with the EEO challenging the transfer, but then did not file a formal complaint.  On September 4, 2007, she filed another pre-complaint form, and ultimately did file a formal complaint, but this complaint was untimely.  Green thus failed to exhaust her administrative remedies, which is typically fatal to a civil claim.  <u>See</u> <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1021 (3d Cir. 1997).

Before the District Court, Green proffered two defenses.  First, she argued

---

[2]  It is unclear whether Green intended to challenge Stewart's selection of Theresa Bonhage, a white female, to fill another MDO position that Green sought.  As with her possible age-discrimination claim, she presented some stray allegations concerning Bonhage in her complaint, but did not develop any such claim before the District Court. To the extent that she did attempt to argue that the Postal Service's choice of Bonhage was motivated by race discrimination, her claim fails for the same reason discussed above — that is, Stewart said that he picked Bonhage because she performed better than Green during their interviews, and Green has presented no basis for a reasonable juror to disbelieve that explanation.

that her claims concerning her transfer were within the scope of the (fully adequate) EEO complaint that she had previously filed concerning her failure-to-promote claims. While we have recognized that a complainant need not file a new EEO complaint as to "new acts that occur during the pendency of the case which are fairly within the scope of an [EEO] complaint or the investigation growing out of that complaint," Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984), the transfer does not qualify under this rule because it was a discrete act that occurred after Green had received her right-to-sue letter from the EEO on her earlier claim, see Parisi v. Boeing Co., 400 F.3d 583, 586 (8th Cir. 2005). Second, Green claimed that she was entitled to equitable tolling because during the period for initiating an action with the EEO, she was severely depressed. Equitable tolling is available in Title VII cases. See Zipes v. TWA, 455 U.S. 385, 393 (1982). However, Green is not entitled to tolling here. In another context, we have explained that for tolling to be appropriate, "the alleged mental incompetence must somehow have affected the petitioner's ability to file" a timely action. Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001). As noted above, Green was able to file a pre-complaint form on June 20, 2007, and again on September 4, 2007, and pursued the latter complaint to completion; she has presented no evidence that suggests that her impairment drastically worsened after June 20 and then meaningfully improved by September 4. Thus, she has failed to present evidence that her condition prevented her from filing a timely administrative complaint.

6

Green also failed to exhaust her hostile-work-environment claim. In her EEO complaint, she raised only a failure-to-promote claim, which does not encompass her separate claim of hostile work environment. <u>See</u> <u>Dorsey v. Pinnacle Automation Co.</u>, 278 F.3d 830, 838-39 (8th Cir. 2002). She thus did not adequately put the EEO "on notice" that she was attempting to raise this claim. <u>Antol v. Perry</u>, 82 F.3d 1291, 1296 (3d Cir. 1996).

Accordingly, we will affirm the District Court's orders dismissing Green's amended complaint in part and granting summary judgment to Potter.