# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3518
_____

Brandon Whittington

*Plaintiff - Appellant*

v.

Tyson Foods, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: September 23, 2021
Filed: December 29, 2021
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

While working at Tyson Foods, Inc. ("Tyson"), Brandon Whittington experienced severe depression and anxiety. As a result, he took intermittent leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612. Tyson initially approved Whittington's intermittent leave after Whittington produced certification from his psychiatrist. But when Whittington failed to produce recertification from his psychiatrist, Tyson terminated him. Whittington sued

Tyson, asserting multiple claims, but the district court ultimately granted summary judgment in favor of Tyson. Whittington now appeals the district court's[1] grant of summary judgment on his FMLA interference claim only. We affirm the district court's grant of summary judgment in favor of Tyson.

## I. Background

Whittington worked at Tyson from July 2016 to March 2018. Whittington was diagnosed with depression and anxiety. After consulting with his human resources ("HR") supervisor, Whittington requested FMLA leave on August 3, 2017. Whittington's psychiatrist, Dr. Mary Beegle, certified his FMLA leave from August 3 to August 13, 2017. Dr. Beegle further stated that Whittington would continue to suffer episodes of anxiety and depression, lasting four to five days per episode, once or twice every one to two months for the next twelve months. Tyson approved Whittington's August leave request and further approved Whittington to take FMLA leave on an intermittent basis going forward under Dr. Beegle's certification.

Tyson's Leave of Absence policy required employees returning from FMLA or non-FMLA medical leave to provide "a Return to Work Certification from their health care provider indicating that they are able to resume work, with or without reasonable accommodation." After Whittington returned to work on August 13, he submitted a Return to Work Certification form completed by Dr. Beegle. In this certification, Dr. Beegle indicated Whittington could return to work without any restriction. Whittington continued to use Dr. Beegle's certification for approved intermittent FMLA leave on September 28, October 3, December 4, and December 5, 2017.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Whittington again requested FMLA leave from December 8 to December 18, 2017. Tyson responded by informing Whittington of his rights and responsibilities under the FMLA and notifying Whittington he had until December 27, 2017, to provide information supporting his FMLA leave request. Whittington timely submitted certification from Dr. Beegle stating that Whittington needed to take the requested FMLA leave. Again, the certification stated that Whittington would need intermittent leave for episodes lasting four to five days per episode, once or twice every one to two months for the next year. Whittington also provided a Return to Work Certification from Dr. Beegle indicating Whittington could return to work without restrictions. Tyson approved Whittington's leave. Whittington continued to use intermittent FMLA leave on December 20 and December 21, 2017, and January 3, January 4, January 31, and February 1, 2018.

Then, between February 12 and March 5, 2018, Whittington called Tyson's automated attendance hotline every morning to report he was unable to work. On March 6, 2018, Whittington returned to Tyson after missing sixteen consecutive workdays. Whittington met with an HR supervisor and provided a note from Dr. Beegle requesting Tyson to excuse Whittington's absence from February 12 to March 5, 2018, because they had been adjusting his medication. Unlike Dr. Beegle's prior return-to-work notes, this note was completed on Dr. Beegle's stationary—not Tyson's official form—and failed to mention whether Whittington could return to work and if there were any work restrictions. The HR supervisor requested Whittington to provide an updated note indicating his ability to work and whether there were any work restrictions.

Later that day, Whittington submitted a revised Leave of Absence application requesting FMLA leave from February 19 to March 9, 2018. Tyson advised Whittington of his rights and responsibilities under the FMLA and informed him he had until March 21, 2018, to provide "sufficient certification" to support his request. Whittington, however, did not return to work on March 9, 2018, as indicated on his application.

-3-

Whittington called Tyson's absence hotline from March 7 to March 14, 2018, to report he was unable to work. But those calls stopped on March 14, 2018. Whittington's HR supervisor and other supervisors unsuccessfully attempted to contact Whittington multiple times. Whittington alleged that, at some point, he notified someone at Tyson he was unable to reach Dr. Beegle but could not recall when this happened, who he spoke to, or what he specifically said. Under Tyson's Attendance policy, "[t]hree (3) consecutive days absent without notifying the Company [is] considered Job Abandonment." Tyson's Leave of Absence policy also stated that "[t]ermination of employment may occur if a Team Member does not return to work at the end of the approved [leave of absence]" or "if the person fails to obtain an extension of the Leave prior to its expiration[.]"

Whittington did not return his FMLA certification paperwork by March 21, 2018. Two days later, Tyson terminated Whittington's employment. Tyson's termination form stated that Whittington was terminated for his failure to both return from leave on March 9 and communicate with Tyson. Whittington's HR supervisor also explained these two reasons to him.

Whittington sued Tyson asserting multiple claims, including one for FMLA interference. Tyson moved for summary judgment on all of Whittington's claims, while Whittington cross-moved for summary judgment on his FMLA interference claim. The district court granted Tyson's motion for summary judgment on all claims and denied Whittington's cross-motion. Whittington appeals the district court's order granting Tyson summary judgment and denying Whittington's cross-motion on his FMLA interference claim.

## II. Analysis

### A. Recertification

Whittington argues the district court erred in finding no genuine issue of material fact existed as to whether Tyson's March 2018 recertification request and

Tyson's termination interfered with his FMLA rights. We review the entry of summary judgment de novo. *Evans v. Coop. Response Ctr., Inc.*, 996 F.3d 539, 544 (8th Cir. 2021). In doing so, we view the facts in the light most favorable to Whittington. *See id*. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The FMLA entitles employees up to twelve workweeks of leave during any twelve-month period for various medical-related circumstances. 29 U.S.C. § 2612(a)(1). One such circumstance allows an employee to seek FMLA leave based on "a serious health condition that makes the employee unable to perform the functions of [his] position[.]" *Id.* § 2612(a)(1)(D). To protect this right, the FMLA allows employees to sue employers who "interfere with, restrain, or deny" employees their right to FMLA leave. *Id.* §§ 2615(a)(1), 2617(a). To establish an FMLA interference claim, a plaintiff must show he was: "(1) entitled to a benefit under the FMLA, (2) the employer interfered with that entitlement, and (3) the reason for the denial was connected to the employee's FMLA leave." *Thompson v. Kanabec Cnty.*, 958 F.3d 698, 705 (8th Cir. 2020). An otherwise successful FMLA interference claim "will fail unless the employee also shows that the employer's interference prejudiced the employee as the result of a real, remediable impairment of [his or] her rights under the FMLA." *Id.* at 705–06 (quoting *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1158 (8th Cir. 2016)).

Whittington asserts Tyson interfered with his FMLA rights by requiring recertification from Dr. Beegle in March 2018. It is undisputed that an employer may require certification from an employee's healthcare provider to support an FMLA leave request and, "on a reasonable basis," request recertification. 29 U.S.C. § 2613(a), (e). Under the Department of Labor's regulations, "[i]f the medical certification indicates that the minimum duration of the condition is more than 30 days, an employer must wait until that minimum duration expires before requesting

recertification[.]" 29 C.F.R. § 825.308(b).[2] Three exceptions to this rule are specified. *Id.* § 825.308(c)(1)–(3). Relevant to this appeal, if the "[c]ircumstances described by the previous certification have changed significantly[,]" an employer may request recertification before 30 days. *Id.* § 825.308(c)(2).

Tyson's March 2018 recertification request came before the minimum duration of Whittington's condition expired—one year after Dr. Beegle's December 2017 certification and before the six-month minimum allowed under 29 C.F.R. § 825.308(b). But based on the record's undisputed facts, this recertification request was reasonable because there was a significant change in the circumstances of Whittington's absences. Dr. Beegle's certification explicitly stated that Whittington's leave would be taken in four-to-five-day increments. Whittington's February 12 to March 5, 2018, leave was sixteen consecutive days long—over three times the amount of time allotted for a single increment certified by Dr. Beegle. Before Whittington's sixteen-day leave, his longest FMLA leave period was only ten days. On these undisputed facts, we agree no reasonable jury could find that Whittington's sixteen-day absence was not a significant change in circumstances.

Whittington argues his consecutive sixteen-day leave was not a significant change in circumstances under 29 C.F.R. § 825.308(c)(2). However, the regulation's own example indicates otherwise. The example states:

> [I]f a medical certification stated that an employee would need leave for one to two days . . . and the employee's absences . . . lasted four days each, then the increased duration of absence might constitute a significant change in circumstances allowing the employer to request a recertification in less than 30 days.

---

[2]An employer, however, has the right to "request a recertification of a medical condition every six months in connection with an absence by the employee." 29 C.F.R. § 825.308(b).

*Id.* Whittington claims his sixteen-day leave is distinguishable from the example because his leave was less than twice the maximum amount of leave Dr. Beegle anticipated in a one-month period.

This is partially true—Dr. Beegle's certification of Whittington taking leave twice a month in four-to-five-day increments allowed Whittington up to ten days per month. But Whittington's sixteen consecutive days of leave more than tripled the length of consecutive leave days certified by Dr. Beegle. This change in circumstances is legally significant. As a result, Tyson's request for recertification was reasonable as a matter of law under 29 U.S.C. § 2613(e) and did not interfere with Whittington's FMLA rights.[3] We thus affirm the district court's grant of summary judgment in favor of Tyson on Whittington's FMLA interference claim.[4]

---

[3]Whittington argues the district court erred in determining reasonableness as a matter of law because, he asserts, all questions of reasonableness must go to a jury. Whittington provides no on-point authority to support his argument, and our caselaw generally rejects Whittington's assertion. *Cf. To v. U.S. Bancorp*, 651 F.3d 888, 892–93 (8th Cir. 2011) (explaining summary judgment "is appropriately granted when an employer's decision to terminate an employee is reasonable as a matter of law"). Further, the Sixth Circuit has twice affirmed summary judgment rulings that held the employer's request for recertification was appropriate as a matter of law. *See Graham v. BlueCross BlueShield of Tenn., Inc.*, 521 F. App'x 419, 424 (6th Cir. 2013) (unpublished) (using 29 C.F.R. § 825.308(c)(2) to hold that, as a matter of law, employer's recertification request was reasonable because there was a significant change in circumstances); *Smith v. City of Niles*, 505 F. App'x 482, 484–85 (6th Cir. 2012) (unpublished) (same).

[4]Whittington also argues the district court erred in failing to address his argument that Tyson interfered with his FMLA rights by violating 29 C.F.R. § 825.312. Specifically, Whittington argues Tyson interfered with his FMLA rights by requiring him to provide a fitness-for-duty certification and firing him before Whittington was able to procure this certification in violation of 29 C.F.R. § 825.312(f). The district court, however, properly disregarded this argument because Whittington failed to raise it in either his response in opposition to summary judgment or in his initial brief in support of his cross-motion for summary judgment, waiting until his reply brief to mention it. *See Paskert v. Kemna-ASA Auto Plaza,*

We also affirm the district court's denial of Whittington's cross-motion for summary judgment on his FMLA interference claim.

## III. Conclusion

For the reasons set forth above, we affirm the district court's grant of summary judgment in favor of Tyson.

_____

*Inc.*, 950 F.3d 535, 540 (8th Cir. 2020); *Ames v. Nationwide Mut. Ins. Co.*, 760 F.3d 763, 771 (8th Cir. 2014).