# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2417

_____

Joseph Mobley

*Plaintiff - Appellant*

v.

St. Luke's Health System, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 16, 2022
Filed: November 16, 2022

_____

Before LOKEN and KELLY, Circuit Judges, and MENENDEZ,[1] District Judge.

_____

MENENDEZ, District Judge.

_____

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, sitting by designation.

Appellant Mobley appeals the District Court's[2] grant of summary judgment in favor of Appellee St. Luke's Health System, Inc. ("St. Luke's"). For the following reasons, we affirm.

## I. Background

Joseph Mobley worked in customer service for St. Luke's[3] for more than six years, beginning in 2012. During his tenure, Mobley received two promotions, most recently in 2016, when he was named Patient Access Supervisor. In that role, Mobley was responsible for training and managing a team of approximately 20 employees to assist patients over the phone in verifying insurance coverage and determining out-of-pocket healthcare costs. Most of Mobley's direct-reports telecommuted full time, although the lowest-performing members on Mobley's team worked in the office. St. Luke's policy allowed managers to telecommute one day a week, and, as of 2018, two days per week. Mobley's manager, Jessica Lillard, allowed her direct-reports additional teleworking days on a case-by-case basis.

In 2016, Mobley was diagnosed with multiple sclerosis ("MS"). As his MS progressed, Mobley began to have difficulty walking, standing, and breathing, and experienced fatigue and burning sensations in his eyes and hands, particularly when his MS flared. At times, St. Luke's management team observed Mobley's mobility challenges around the office. Mobley's neurologist encouraged him to continue working, even when his condition flared.

Mobley first requested an accommodation in December 2017, when he asked Lillard if he could telecommute when his MS flared. Lillard indicated that she would

---

[2] The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[3] Although neither party describes what St. Luke's is, according to its website it "includes 16 hospitals and campuses across the Kansas City region." About St. Luke's, https://www.saintlukeskc.org/about-saint-lukes (last visited August 3, 2022).

consider it and work with Mobley as the need arose. The following month, however, Lillard denied that accommodation, explaining to Mobley that allowing him to telecommute during a flare-up would be unfair to his co-supervisor. Instead, St. Luke's suggested that Mobley use paid time off and Family Medical Leave Act leave on those occasions.

In February 2018, Mobley again asked for permission to telecommute when his condition flared and supplied St. Luke's a letter from his neurologist recommending as much. Subsequently, in March 2018, Lillard and St. Luke's human-resources representative met with Mobley, and he renewed his request to telecommute when he experienced a flare-up of his MS. St. Luke's denied the request, instructing Mobley that he could ask Lillard on a case-by-case basis to work from home during a flare-up. Lillard advised that St. Luke's could not accommodate his request because he needed to supervise direct-reports in the office and because his flare-ups were unpredictable. Mobley asked Lillard to reconsider the decision, but she refused to do so. Despite this refusal, Mobley recalled only one instance when Lillard denied a request to telework during a flare-up and required him to take time off instead.

Mobley voluntarily resigned in August 2018, as he feared that he was in danger of being discharged due to his condition. He did not communicate this concern to St. Luke's either before he resigned or in his resignation letter.

Mobley sued St. Luke's pursuant to the Americans with Disabilities Act ("ADA"), the Missouri Human Rights Act ("MHRA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Mobley alleged that St. Luke's: discriminated against him on the basis of his disability, gender, and race; failed to accommodate him; and retaliated against him. St. Luke's sought summary judgment on all issues, and the district court granted St. Luke's motion. Mobley appealed the district court's ruling regarding only his claims of disability discrimination under the MHRA and failure to accommodate under the ADA and the MHRA.

## II.    ANALYSIS

### A.    Standard of Review

We review a grant of summary judgment de novo. *Whittington v. Tyson Foods, Inc.*, 21 F.4th 997, 1000 (8th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### B.    Failure-to-Accommodate Claims

Mobley alleges that St. Luke's violated the ADA and MHRA in failing accommodate him. The district court granted summary judgment on these claims because Mobley failed to demonstrate that he could perform his essential job functions either with or without a reasonable accommodation, and because he did not demonstrate that St. Luke's failed to engage in the interactive process in good faith regarding Mobley's requested accommodations.  Though we disagree with the district court on the first of its holdings, we agree with the second.  Therefore summary judgment was appropriate and we affirm.

"The ADA prohibits employers from discriminating 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Ehlers v. Univ. of Minnesota*, 34 F.4th 655, 659 (8th Cir. 2022) (quoting 42 U.S.C. § 12112(a)).[4]  Failing to make a reasonable accommodation constitutes discrimination. § 12112(b)(5)(A).

---

[4] Because the ADA and MHRA use the same modified burden-shifting framework, we evaluate Mobley's state and federal failure-to-accommodate claims simultaneously. *See Mole v. Buckhorn Rubber Prod., Inc.*, 165 F.3d 1212, 1216 (8th Cir. 1999).

To make a prima facie case for a failure to accommodate under the ADA, an employee must show that he (1) has a disability within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) suffered an adverse employment action due to his disability. *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 482 (8th Cir. 2007). A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1). Because there is no dispute that Mobley had a disability as defined by the ADA, Mobley satisfies the first element of his prima facie case.

To meet the requirements of the second element, proving he is a qualified individual under the ADA, an employee must demonstrate that he: (1) possesses the skill, education, experience, and training the position requires, and (2) can perform the essential job functions, with or without reasonable accommodation. *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (citing *Fenney v. Dakota, Minnesota & E. R. Co.*, 327 F.3d 707, 711 (8th Cir. 2003)). There is no dispute that Mobley had the skill, education, experience, and training necessary for the position. Therefore, we turn to whether Mobley could perform the position's essential functions, "the fundamental job duties of [his] . . . position," with or without a reasonable accommodation. 29 C.F.R. § 1630.2(n)(1). An employee must show that a desired accommodation is "reasonable on its face." *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002).

The district court concluded that Mobley failed to demonstrate that he could perform his essential job functions with or without a reasonable accommodation. However, drawing all reasonable inferences in Mobley's favor, we conclude that a genuine dispute of material fact exists as to whether he was able to perform the essential functions of his job through his proposed accommodation of teleworking while he experienced a flare-up of his condition. By allowing Mobley to consistently work remotely aside from his medical condition, St. Luke's implicitly demonstrated a belief that he could perform his essential job functions without being in the office all the time. Moreover, while working remotely, Mobley continued to receive

positive performance reviews, reflecting that he was able to effectively supervise his employees despite not being on site.

In support of summary judgment, St. Luke's emphasizes the opinions of its management team who preferred that he work in the office on all but his regularly scheduled teleworking days. St. Luke's explained that "[o]ne of the reasons [it] rejected [Mobley]'s request to telecommute when his condition flared was because—as a Patient Access *Supervisor*—his duties required providing in-person supervision." Appellee's Br. 22 (emphasis in original). Yet nothing in the record indicates that had Mobley been permitted to telework for an additional unquantified number of days during flare-ups, his job performance would have been inadequate. Indeed, St. Luke's points to no evidence to justify its stance, merely submitting brief, conclusory, and unsubstantiated opinions to the contrary. Additionally, St. Luke's does not contend that Mobley had any performance issues.

The legal authority St. Luke's references in support of its argument does not support summary judgment here. Most critically, none of the decisions involve a case in which a disabled employee, much less nearly all employees in a department, regularly teleworked, yet the employer rejected that employee's proposed accommodation to telework when his or her condition flared. *See, e.g.*, *Lane v. Ball*, 854 F. App'x 111, 112–13 (8th Cir. 2021) (employer denied employee's proposed accommodation to telework because one of her job's essential functions was "handling questions and requests from members of the public, which she could not do outside of business hours or from home"); *Brunckhorst v. City of Oak Park Heights*, 914 F.3d 1177, 1183 (8th Cir. 2019) (employee failed to make a facial showing that he could perform his essential job functions remotely, and admitted that there were certain functions of his job that he was unable to perform remotely). St. Luke's argument that this case is analogous to *Evans v. Coop. Response Ctr., Inc.*, 996 F.3d 539 (8th Cir. 2021), also misses the mark. In *Evans*, the plaintiff requested additional leave, which differs from Mobley's request to telework and St. Luke's ensuing instruction to take leave. *Id.* at 546. Mobley wanted to work more, not less. Viewing the facts in the light most favorable to Mobley, he has raised

a genuine dispute of material fact as to whether he could perform the essential job functions with a reasonable accommodation.

However, for a failure-to-accommodate claim to survive summary judgment, an employee must do more than establish a prima facie case—he must also show that his employer failed to engage in the interactive process in good faith. *See Fjellestad v. Pizza Hut of Am., Inc.*, 188 F.3d 944, 952 (8th Cir. 1999). "To establish that an employer failed to participate in the interactive process, an employee must demonstrate that the employer knew about his disability, and that the employee requested an accommodation for his disability." *Sharbono v. N. States Power Co.*, 902 F.3d 891, 894 (8th Cir. 2018) (citing *Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 902 (8th Cir. 2009)). In this case, there is no dispute as to either of these elements. However, the employee must then demonstrate that his employer "did not make a good faith effort to assist the employee in seeking accommodations." *Id.* (quoting *Fjellestad*, 188 F.3d at 952); *see Ehlers*, 34 F.4th at 662. We agree with the district court that the record does not demonstrate a material dispute on this element, and that summary judgment was appropriate.

The record demonstrates several steps that St. Luke's took in response to Mobley's request for accommodation. *See Fjellestad*, 188 F.3d at 954 ("All the interactive process requires is that employers make a good faith effort to seek accommodations.") (quotation omitted). Indeed, the evidence demonstrates that after Mobley made his initial accommodation request in December 2017, St. Luke's approved permission for Mobley to work from home on a case-by-case basis. The evidence further shows that in February 2018, Mobley asked to work from home when his condition flared, and St. Luke's again responded that he could reach out to his manager on a case-by-basis, but that St. Luke's would not approve a blanket request to work from home during flare-ups. Additionally, St. Luke's offered that Mobley could follow up if he had any questions or concerns. While Mobley sent an email indicating that he might need a follow-up conversation with management regarding this decision, he never requested one. Moreover, only one of Mobley's requests to work from home was actually denied, and on that day he used paid time

off. These steps support a finding that St. Luke's engaged in the interactive process and took action to accommodate Mobley. *See Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 942 (8th Cir. 2019). Because there is no triable issue as to whether St. Luke's acted in good faith, we need not reach the final step of the analysis, which is whether St. Luke's could have reasonably accommodated Mobley. Summary judgment on Mobley's failure-to-accommodate claim is affirmed.

### C.   *Constructive-Discharge Claim*

Mobley also alleges that he was constructively discharged from his job at St. Luke's. However, Mobley did not raise a constructive-discharge claim before the Equal Employment Opportunity Commission. *See Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1081 (8th Cir. 2021). Likewise, in opposing St. Luke's motion for summary judgment before the district court, Mobley failed to argue his constructive-discharge claim. *See Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020). Therefore, the claim is not properly before this Court, and the district court's grant of summary judgment is affirmed.

## III.   Conclusion

For the foregoing reasons, the District Court's judgment is affirmed.

_____