# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3419

_____

George B. Davis, Sr.

*Plaintiff - Appellant*

v.

Denis McDonough, Secretary, United States Department of Veterans Affairs

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 26, 2024
Filed: January 16, 2025
[Unpublished]

_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

George Davis believes his employer, the Department of Veterans Affairs, discriminated against him in several ways. The district court[1] dismissed the case at summary judgment, and we affirm.

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

## I.

Although previously a maintenance worker, George Davis was moved to desk duty after becoming disabled. At first, the VA accommodated him by extending his old position and pay grade, even though his job duties had changed. With no more extensions available, Davis had to find another job. *See* 5 C.F.R. § 316.301(a).

He interviewed for one, but it went to someone else. When he requested a new position as a reasonable accommodation, the VA placed him in one that was four pay grades lower.

Unhappy with the response, Davis sued the VA for failing to accommodate his disability, discriminating against him by hiring someone else for the open position, and subjecting him to a hostile work environment. None of his claims survived summary judgment.

## II.

We review the district court's summary-judgment ruling "de novo, viewing the record in the light most favorable to [Davis] and drawing all reasonable inferences" in his favor. *Morgan-Tyra v. City of St. Louis*, 89 F.4th 1082, 1085 (8th Cir. 2024) (citation omitted). "Summary judgment is appropriate 'if [the VA] shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law.'" *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).

## A.

Under the Americans with Disabilities Act, employers generally owe disabled employees a reasonable accommodation once they request it. *See Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 941 (8th Cir. 2019). From Davis's perspective, the VA did not fulfill its obligation to "engage in the interactive process in good faith,"

*Mobley v. St. Luke's Health Sys., Inc.*, 53 F.4th 452, 457 (8th Cir. 2022) (citation omitted), because he did not get the job he wanted. *See Cravens v. Blue Cross & Blue Shield of Kan. City*, 214 F.3d 1011, 1017 (8th Cir. 2000) (requiring an employer to "transfer" a "current employee[] with a disability . . . to another position within the company" as a "reasonable accommodation" if one is available and he is "qualified" for it (emphasis omitted)). We disagree because of what the VA *did* do for him.

It started by moving him from maintenance to a desk job without a change in pay. *See* 5 C.F.R. § 316.301(a). When time ran out on the old position, it moved him to one that allowed him to stay with the VA, even though it paid less. *See Cravens*, 214 F.3d at 1019 ("[A]n employer may reassign an employee to a lower grade and paid position if the employee cannot be accommodated in the current position and a comparable position is not available." (quoting *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 (6th Cir. 1998))). Nothing in the ADA required the VA to select him over a more qualified candidate when an open position became available. *See Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 483 (8th Cir. 2007) (concluding that it "does not require an employer to reassign a qualified disabled employee to a vacant position when such a reassignment would violate a legitimate nondiscriminatory policy of the employer to hire the most qualified candidate"). Nor did it have to ask the Office of Personnel Management for an exception extending his current job and pay, *see* 5 C.F.R. § 316.301(b), when it had something else in mind. *See Cravens*, 214 F.3d at 1019. At a minimum, nothing here amounted to bad faith.

Cases coming out the other way have usually involved a complete failure to act or undercutting the interactive process itself. Examples include "discontinu[ing] discussing accommodations[,] . . . wait[ing] until after the district court's ruling to offer the employee a position that would accommodate his disabilities," *Ehlers v. Univ. of Minn.*, 34 F.4th 655, 661–62 (8th Cir. 2022) (citation omitted), and withholding information about alternative jobs, *see Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 863–64 (8th Cir. 2006). "[P]rovid[ing] an accommodation that

-3-

is reasonable," on the other hand, is exactly what the ADA requires, even if the employee would have preferred a different option. *See Faidley v. UPS of Am., Inc.*, 889 F.3d 933, 942–43 (8th Cir. 2018).

## B.

Davis's discrimination claims end in the same place. He cannot show race or disability discrimination because the VA did not "hire[] someone from outside the protected class[es]," a requirement for establishing a prima-facie case on a failure-to-hire claim. *Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006). The person selected to fill the open position after a competitive application process was black and disabled, just like Davis.

For the age-discrimination claim, the problem was his failure to administratively exhaust it. *See Betz v. Chertoff*, 578 F.3d 929, 935 (8th Cir. 2009) (requiring the employee to "report discrimination . . . within 45 days of an occurrence" (citing 29 C.F.R. § 1614.105(a)(1))). He filed a charge in time, but it made no mention of age discrimination. *See Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (observing that a complainant must "provide the [agency] with an initial opportunity to investigate allegations of . . . discrimination"). No exhaustion, no claim. *See id.*

## C.

Finally, he alleges a hostile work environment, which requires harassment so severe and pervasive that it "affect[ed] the terms, conditions, or privileges of [his] employment." *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019) (citation omitted). "Discriminatory intimidation, ridicule, and insult" are examples. *Jackman v. 5th Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013). Requiring him to change jobs, even if it was accompanied by a reduction in pay, came nowhere close to that level. *See Mahler*, 931 F.3d at 806–07.

### III.

We accordingly affirm the judgment of the district court.

_____